## JOHN PRESCOTT, Complainant, Appellant,

### *vs.*

## ALMERIN EVERTS, PERRY H. SMITH, ANSON BALLARD, et al., Defendants, Appellees.

APPEAL IN EQUITY FROM OUTAGAMIE CIRCUIT COURT.

A judgment creditor, in order to acquire the title of the purchaser to lands of the judgment debtor previously sold on execution, alleged in his bill that on a certain day, naming the same, and within the twenty-seven months prescribed by the statute, he presented and delivered to the purchaser a copy of the record and docket of his judgment duly certified, together with his affidavit of the amount due thereon, but the purchaser refused to retain and keep the same: *Held*, that it was not necessary, under such circumstances, to aver that the said papers were *left* with the purchaser.

Where the purchase is made by partners for their joint benefit, a presentation of the requisite papers and tender of the requisite money to one, is sufficient, being equivalent to a tender to both.

An allegation in the bill of a judgment creditor to acquire the right of the purchaser of lands of his debtor sold on execution, that the amount bid and paid by the purchaser was $1,027, and that he tendered the amount with interest at seven per cent. from the day of sale to the day of tender, is sufficient, though the precise sum tendered is not stated.

Under such an averment, proof of the actual sum tendered would be admissible.

Certainty to a common intent, is sufficient in equity pleading.

The deed to the purchaser of lands sold on execution, after the time for redemption has elapsed, may be executed either by the sheriff who made the sale, or by his successor in office.

THE bill of complaint was filed on the 20th day of July, 1855. It alleges in substance, the recovery of a judgment in the Circuit Court, in Brown county, by one George Lamphear, against Amos A. Lawrence, on or about the 19th January, 1852, for $1,480.72 and costs—that at the time of such recovery, the said Lawrence was the owner in fee of lands in Brown and Outagamie counties. That in June, 1852, Almerin B. Everts was sheriff of Outagamie county; that as such sheriff he received for collection an execution issued on the said judgment; that by virtue of said execution, he levied upon certain lands of the said Lawrence, which are particularly described in the bill, and

Prescott vs. Everts et al.

afterwards sold the same at public auction to the defendant, Perry H. Smith and Anson Ballard, on the 7th August, 1852, for $1,027, and executed duplicate certificates on such sale.

The bill then alleges, that on the 3d day of November, 1854, and within twenty-seven months from the date of said sheriff's sale, the plaintiff recovered a judgment in the Circuit Court of Outagamie county against the said Amos A. Lawrence, for $204.95 and costs, and caused a record thereof to be filed, and judgment to be duly docketed thereon, by the clerk of the Circuit Court of the said Outagamie county, and that the said judgment there and then became and was a lien on the premises sold, by said Sheriff Everts, and on the 6th day of November, 1854, he presented, at the place of business of defendants Smith & Ballard, to defendant Ballard, a copy of the record and docket of his said judgment, duly certified by the clerk of the Circuit Court of said county, together with his affidavit, stating the amount due on said judgment, and tendered and offered to pay him the amount of money paid by him and the said Perry H. Smith, together with the interest thereon at seven per cent. from the date of such sale, which said Ballard refused to receive. Then follows the allegation, that said Smith & Ballard were copartners, and purchased said land in copartnership.

The bill then alleges, that the lands so sold have never been redeemed by the said Lawrence, or by any one for him, or the interest of said Smith & Ballard, acquired by any one except complainant, but that defendant Everts, as sheriff, at the expiration of twenty-seven months from the sale aforesaid, executed a deed of said lands on such sale to defendants Smith & Ballard, and refused to execute a deed to the complainant. This the bill charges to be with fraudulent intent and purpose.

The bill charges further, that defendants Smith & Ballard, without consideration and without their knowledge, conveyed portions of said lands to defendants Timothy Smith, D. Porter Ballard and Frederick Allemond, who were residents of the state of New York, and which conveyances were made with intent to vex and harass the complainant, and are a cloud upon his title and claim to the said lands. And the bill further charges, that defendant William S. Warner purchased of D. Porter Ballard and Fredrick Allemond by Anson Ballard, their

attorney, a part of the premises conveyed to them by the said Smith & Ballard, and that the said Warner purchased with full knowledge of the complainants' rights.

The bill also alleges that each of the defendants purchased and claim by the said deeds, that they have a valid title to the premises so conveyed to them.

The bill prays that defendant Everts may be compelled to deed, as sheriff, &c., the said premises, on payment of the money and interest, to which Smith & Ballard as purchasers are entitled, which complainant offers to pay; and that the sheriff's deed to them may be declared null and void; and that the subsequent conveyances to the other defendants, from Smith & Ballard, and from them to the other persons parties defendants may be canceled and given up, &c.

The defendants all appeared in the suit, and before any rule to answer was entered, on the 10th day of October, the defendants Everts, Timothy Smith, D. Porter Ballard and Allemond filed several demurrers to the bill.

The demurrer of defendant Everts, after the formal part, assigns the following grounds:

1. "That it does not appear that the complainant presented to and left with the purchaser at the sheriff's sale therein mentioned, or to the officer who made the sale, a copy of the docket of the complainant's said judgment, and his affidavit, or the affidavit of his attorney or agent, of the true amount due therein, at the time of claiming the right to purchase the title of said original purchaser.

2. "That it does not appear what sum, if any, was tendered by the complainant to said original purchasers for their title.

3. "The complainant has an adequate remedy at law by mandamus against the defendant.

4. "It does not appear that this defendant had notice of the complainant's claim to the premises sold, till after this defendant had executed a conveyance of said premises to the original purchaser.

5. "It does not appear that at the time of the filing of said bill of complaint, that this defendant was sheriff of Outagamie county. And as late sheriff, he has no authority to execute a conveyance of said premises.

6. "It does not appear that the complainants paid, or tendered, or offered to pay this defendant his fees for executing a deed of said premises.

"And that complainant has not, in and by his bill, made or stated any case, &c."

The demurrers of the other three defendants present no points different from the demurrer of defendant Everts.

On these demurrers the cause was set down for argument, and at the October term of the Circuit Court in Outagamie county, a decree or order was made, on an *ex parte* argument, sustaining the demurrers, with leave to complainant to amend his bill in thirty days, on payment of costs.

From this decree the complainant appealed.

*E. S. Bragg*, for the appellant.

*P. H. Smith* and *T. O. Howe*, for the appellees.

*By the Court*, COLE, J. An objection is taken to the bill filed in this cause, that it is defective, in not alleging that the complainant presented to *and left with the purchasers* at the sheriff's sale, or the officer making the sale, a copy of the docket of complainant's judgment, and his affidavit of the true amount due upon such judgment, at the time of claiming the right to purchase the title of the original purchasers.

The bill alleges that the complainant, on the 6th of November, 1854, went to the office and place of business of the defendants Perry H. Smith and Anson Ballard, in the town of Appleton, and presented and delivered to said Ballard a copy of the record and docket of his judgment, duly certified to by the clerk of the Circuit Court of Outagamie county, and also his affidavit of the true amount due thereon, and tendered and offered to pay him and Smith, in lawful money, the amount they had paid at the sheriff's sale, with interest thereon at the rate of seven per cent. per annum; and that Ballard examined the papers presented to him, made no objection to their sufficiency, but wholly refused to retain and keep them, or to accept and receive the money so tendered and offered.

This is really a contest between a junior judgment creditor

and the purchasers at the sheriff's sale. The sheriff is but little more than a nominal party, having no interest in the controversy unless he is really confederating with the other defendants, and favoring them to the prejudice of complainant's rights. If he is doing that, he is acting a very unworthy part for a public officer.

The objection, then, that the bill is defective for not alleging that the papers *were left* with' Smith & Ballard, the purchasers at the sheriff's sale, comes from those very persons who refused to retain and keep them when presented by the complainant. True, the papers were not presented to Smith, but the bill alleges they were presented at the office of Smith & Ballard, who were in partnership, and had made the purchase upon the partnership account. Under these circumstances a presentation of the papers and tender of the money to one, must have the same legal effect as though presented to both. Now, the bill is most distinct and unequivocal in the allegation that the requisite papers in due form were presented to Ballard, examined by him, and by him refused. Does not the objection, then, that they were *not left with him*, in strict and literal compliance with the language of the statute, come with bad grace from those who refused to retain and keep them? Why were not the papers *left* with Ballard? The bill furnishes the answer. He refused to receive them. That being the case, they ought not now to be permitted to stand upon this objection.

Undoubtedly the right to redeem lands sold under an execution is one given by statute, and a party seeking to avail himself of the benefits of the statute, must comply with the conditions prescribed in it. *Sec.* 99, *chap.* 102, *R. S.;* 2 *Comst. R.* 490; 20 *Wend. R.* 558; 19 *id.* 87; 18 *id.* 598.

But was there not a substantial compliance with it in this case? The equities of other parties are not involved in the question. Were other creditors before us, and did it appear that their interests had been injuriously affected in consequence of the papers not being actually left with Smith & Ballard, notwithstanding their refusal to receive them, the aspect of the case might be changed. Upon that point, however, we express no opinion. As it is, we think the allegations in the bill sufficient.

Another objection is taken to the bill, that it does not appear

from it what sum, if any, was tendered by the complainant to the purchasers. The bill states that Smith & Ballard bid off the property at the sheriff's sale for $1,027, and in a subsequent part of the bill it further states that the amount paid by them at the sheriff's sale and interest at 7 per cent. per annum, was tendered Ballard. The amount tendered is not set forth with that certainty and precision requisite in pleadings at common law, yet under these allegations proof of the amount tendered might be given in evidence should issue be taken upon them. "Certainty to a common intent, is the most that the rules of equity ordinarily require in pleadings for any purpose." *Story's Eq. Plea.*, sect. 241; 3 *Wooddeson*, sect. 55, *p.* 370; 1 *Barb. Ch. Prac.* 38.

It cannot be denied that the relief sought for by the complainant is of an equitable nature, and such as a court of equity alone can give. He asks that the deeds given by the sheriff to Smith & Ballard, and by them to others, be set aside and canceled, as constituting a cloud at least upon his title, should he obtain a sheriff's deed. He furthermore contends, that all these deeds were given with a full knowledge of his rights, and being subject to existing equities, that they are null and void as to him, and should be so declared by the court. Matters of this kind are only cognizable in courts of equity. Ordinarily, a party entitled to a sheriff's deed, proceeds by *mandamus* against the officer to compel him to give it, probably because that remedy is more prompt and entirely efficacious. But it is evident that in this case the complainant has not a full and adequate remedy at law. And it would be a hardship upon him, and multiply suits to the disadvantage of all parties, should he be compelled to proceed by *mandamus* against the sheriff, and in equity against the other defendants. If a full and complete remedy as to all the parties existed at common law, it would constitute a good ground of demurrer to the bill. But it is not so. And a court of equity having taken jurisdiction for one purpose, will retain it to do complete justice between the parties. 1 *Story's Eq. Jus.*, sec. 64, *K.* note; 10 *J. R.* 595; 17 *id.* 388; 3 *Bro. Chy. Rep.* 218; 7 *Ves.* 19; 9 *id.* 464. Fraudulent design and combination are alleged to exist between the sheriff and other parties, to the prejudice of complainant's rights. The sheriff is implicated with the other parties in the charges made in the bill, and he will have full op-

portunity of meeting these charges and of availing himself of every defence in this suit. For these reasons, we are of the opinion that his demurrer should not be sustained, upon the ground that complainant has an adequate remedy at common law. We cannot see that it would be very material for the bill to allege that the sheriff had notice of complainant's rights before he made and executed the deed to Ballard & Smith; but if it was, it is so charged in the bill. It states that the deed was executed and received by the parties thereto, with full knowledge of the complainant's claim, and for the express purpose of defrauding him out of the premises.

The only remaining objection necessary to be noticed is, that it does not appear from the bill that Everts was the acting sheriff of Outagamie county, and that as late sheriff he had no authority to execute a conveyance to the premises. This objection goes upon the idea that under our statute the acting sheriff is the person to execute conveyances for lands sold under execution. Section 101, chap. 102, R. S., however, is very clear and explicit, that when the deed becomes due by the expiration of the time limited in the act to redeem, that then the officer making such sale shall complete the same by executing a conveyance of the premises so remaining unredeemed, either to the original purchaser, or to any creditor who may have acquired title of such original purchaser. This section can have but one meaning, that is, that the officer, or perhaps, more properly speaking, the individual making the sale, should perfect it by giving the deed.

It has been suggested that there is a manifest inconsistency and conflict between this provision and section 117 of the same chapter, but I am unable to see any. The latter section provides that not only the officer or individual making the sale might execute the conveyance, but likewise his successor in office. The former sheriff might die, remove from the country, or become incapable from bodily infirmities of completing the sale; and thus the statute has wisely provided that his successor in office may do it. The two sections appear to me to be perfectly consistent.

It follows from the view we have taken of the case, that the order of the Circuit Court, sustaining the demurrer to the bill, must be reversed, with costs.