## FOLLETT VS. HEATH.

Where a chattel mortgage, through mistake, gives a totally false description of the note it was intended to secure, a seizure of the property by the mortgagee cannot be justified in an action at law, without *reforming* the instrument.

The defendant in such case should proceed by an action to reform the mortgage and to stay proceedings, in the meantime, in the action at law.

APPEAL from the Circuit Court for *Winnebago* County.

Replevin, commenced in February, 1862.   The answer justified the taking of the property by virtue of a chattel mortgage, which was given by the plaintiff with the intention to secure his note for $660.11, dated March 15th, 1859, payable thirty days after date; but set out *in hæc verba* the mortgage, which describes the note secured by it as being for $530, dated November 16, 1858, and payable in one year after date; and alleged that the misdescription of said note in the mortgage arose from the fact that the note was not present at the time the mortgage was given, and the description of the note was taken from the statement and recollection of the plaintiff, the mortgagee not being personally present.   The demand of judgment was for a return of the

June Term,
1862.

Follett
v.
Heath.

property, with damages and costs. A demurrer to the answer was overruled, and the plaintiff appealed.

*Whittemore & Weisbrod,* for appellant, cited 2 Phillips on Ev., 741, 743; 14 Johns., 15; 3 Vt., 207; 12 Wis., 176; 12 Wend., 61; 3 Johns., 506; 7 id., 340.

*Bashford & Coolbaugh,* for respondent:

The party entitled to the possession of property will prevail in an action of replevin. *Martin v. Watson,* 8 Wis., 315. The defendant may set up a defense showing that he is equitably entitled to the property in dispute. Sec. 12, chap. 125, R. S.; *Crary v. Goodman,* 12 N. Y., 266; *Phillips v. Gorham,* 17 id., 270. The rule is, that the demurrer admits all the material allegations in the answer that are well pleaded. If the allegations of the answer in this case are true, the plaintiff's note was intended to be secured by the chattel mortgage, and the misdescription cannot avail him. *Jackson v. Bowen,* 7 Cow., 1; *Staak v. Sigelkow,* 12 Wis., 234; *Norton v. Kearney,* 10 id., 443, 451.

October 11.

*By the Court,* PAINE, J. This case presents the question whether, where a chattel mortgage gives a totally false description of the note it was intended to secure, through mistake in drawing it, a seizure of the property mortgaged can be justified in an action at law, without reforming the instrument. We think it cannot. It is true that equitable defenses may now be interposed. But the facts here sought to be shown constitute not an equitable but a legal defense, if they can once be established. The difficulty is in getting at the proof. The papers having been made wrong by mistake, the parties are bound by them unless they take some appropriate method to correct the mistake. That method is not to prove the mistake in an action at law, and have the same benefit as though the instrument were reformed; but it is to bring an equitable action to reform the instrument so that it can have its proper legal effect. Suppose A, intending to deed lot 1 to B, by mistake deeds lot 2. Can B bring an action of ejectment for lot 1, and on proving the mistake, recover? We think not. Such a mode of proceeding would lead to great uncertainty and confusion. Equity aids

in such cases by reforming the contract, not by giving effect to it without being reformed.

The proper course for the defendant would have been to have proceeded in an action to reform the mortgage, and to stay proceedings in the meantime in the action at law.

The judgment is reversed, with costs, and the cause remanded for further proceedings.