Paine and another vs. Benton.

## PAINE and another vs. BENTON.

CHATTEL MORTGAGE. (1, 2) *Description of instrument secured.* (3) *Evidence.* (4) *Consideration.*

1. It is enough that the description in a mortgage of the instrument which it is given to secure, states correctly sufficient facts to identify the instrument with reasonable certainty; and it is not indispensable that all the particulars of such description should correspond precisely with the instrument; but the maxim *falsa demonstratio non nocet* applies.

2. A mortgage purported to be given to secure "a certain promissory note made and delivered on or about the eighth day of August, 1867, signed by T. P. Benton and W. W. Benton, and W. H. Leeman, payable on or about one year from date, to the N. W. U. P. Company, for the sum of $5,000." In an action to foreclose such mortgage, the note produced in evidence was dated August 6, 1867, was signed by the three persons above named, as makers, was payable on or before September 1, 1868, to the Northwestern Union Packet Company, at the first National Bank of La Crosse, and was for the sum of $5,000; and there was a condition inserted that it might be paid by the delivery of a barge in lieu of money. *Held,* that the note was sufficiently identified by the description in the mortgage. *Follett v. Heath* (15 Wis., 601), distinguished.

3. Where a note agrees in some respects with the description given in a mortgage, though it differs in others, it may be proved by parol to be the one intended in the mortgage.

4. A still existing, past consideration is sufficient to sustain a mortgage, as, in this case, the liability of the mortgagee as surety for the mortgagor upon the note described in the mortgage, which note was executed *before* the mortgage was given.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover possession of the steamer "Albany," which the plaintiffs claim as owners, with damages for its detention. The answer contains a general denial of the allegations of the complaint, and, for a further defense, alleges that, at the commencement of the action, defendant was in possession of the steamer as agent of W. H. Leeman, who had purchased the same under a chattel mortgage executed to himself by Thomas P. Benton. Reply, that said mortgage was without consideration, and was made by Thomas P. Benton for the purpose · of hindering and defrauding his creditors, among whom were the plaintiffs; and that it was never delivered to the mortgagee, and he did not know of its existence.

Upon the trial, the plaintiff offered in evidence a chattel mortgage of the steamer, dated February 7, 1870, for $513.48, executed by Thomas P. Benton to C. N. Paine; also, three notes of the same date and aggregate amount, all signed by Thomas P. Benton, which were identified as the notes referred to in the mortgage. They then proved a sale under the mortgage, to plaintiff, on the 16th day of July, 1870, for the sum of $555.00.

The defendant introduced in evidence a chattel mortgage of the same steamer, executed by Thomas P. Benton to W. H. Leeman, dated December 8, 1868, and filed in the office of the clerk of the city of Oshkosh on the next day, the condition of which was, that said Thomas P. Benton should pay a certain note for $5,000, and save said Leeman from all cost and expense on account of it; also an affidavit of renewal, dated December 8, 1869, and filed the same day in the office of the city clerk. He next offered a note for $5,000 executed by Thomas P. Benton, W. W. Benton and W. H. Leeman, to the

Paine and another vs. Benton.

Northwestern Union Packet Company, on the 6th day of August, 1867, but it was excluded under plaintiff's objection that it did not correspond with the note described in the mortgage. The points of variance sufficiently appear in the opinion of the court. Testimony offered by defendant to identify the note offered as the one referred to in the mortgage, was also excluded.

Counsel for the plaintiffs admitted that the defendant was in possession of the boat on the 7th of July, 1870, as the agent of W. H. Leeman, and claiming under the mortgage produced by him on the trial; that he so remained in possession until the property was seized by the sheriff under the writ of replevin in this action; and that the boat was sold under that mortgage on the 19th of July, 1870, and bid off by W. H. Leeman, he being the highest bidder therefor.

The jury, under the direction of the court, returned a verdict for the plaintiffs for the recovery of the property with damages for its detention; and the defendant appealed from the judgment entered thereon.

*Finch & Felker*, for appellant:

1. It is not necessary that a note or other obligation offered in evidence in connection with a mortgage, should be particularly described in the condition of the mortgage, in order to identify it; but it is sufficient if the description is such that it appears with reasonable certainty to be the instrument intended to be secured thereby. *Robertson v. Stark*, 15 N. H., 112; *Boody v. Davis*, 20 N. H., 140; *Hurd v. Robinson*, 11 Ohio St., 232; 12 id., 38; *Merchants' National Bank v. Raymond*, 27 Wis., 567; *McKinster v. Babcock*, 26 N. Y., 378; *Youngs v. Wilson*, 27 id., 351; *Merrills v. Swift*, 18 Conn., 257; *Hough v. Bailey*, 32 id., 288; *Williams v. Hilton*, 35 Me., 547; *Partridge v. Swazey*, 46 id., 414; *Michigan Ins. Co. v. Brown*, 11 Mich., 266; *Robinson v. Williams*, 22 N. Y., 380; 12 Pick., 560; 5 id., 59; 18 id., 394; *Nelson v. Boyce*, 7 J. J. Marsh., 401. 2. It was competent for defendant to show by parol that the note

offered was the one referred to in the mortgage, and that W. H. Leeman had never signed any other note with T. P. Benton payable to the N. W. U. P. Co., 35 Me., 547; 46 id., 414; *Shirras v. Caig*, 7 Cranch, 34; *Boody v. Davis*, 20 N. H., 147; 11 Ohio St., 232. 3. The court erred in directing a verdict for the plaintiff. The production of the mortgage, with proof of filing, and of the execution and filing of the affidavit of renewal, was *prima facie* evidence of title in Leeman; and plaintiff's admission that defendant was in possession of the boat as agent for Leeman holding under his mortgage, entitled defendant to a verdict in his favor. It was not important to show the amount due upon the mortgage, but the question is whether the mortgage was a valid subsisting lien. *Prima facie* it was, and it remained for the plaintiffs to show it avoided by performance of its conditions, which they did not do. *Davis v. Mills*, 18 Pick., 394; *Brooks v. Briggs*, 32 Me., 447–8; 2 Hilliard on Mort., 336; *Smith v. Johns*, 3 Gray, 517.

*Freeman & Allen*, for respondent:

1. The note offered in evidence by the defendant is essentially different from that described in the mortgage, and was properly excluded. The defendant's remedy is by application to a court of equity to reform the instrument so that it may have its proper legal effect, and he cannot be permitted to prove the mistake and obtain the same relief in an action at law. 15 Wis., 601; 10 Mich., 508; 19 N. Y., 496; 17 Barb., 446. 2. But a court of equity will not grant such relief when the rights of *bona fide* purchasers in good faith intervene, as in this case. No new consideration passed between the parties at the time of the execution of the mortgage, and it was therefore fraudulent in its inception and invalid as against the claims of *bona fide* creditors and purchasers for value. 8 Wend., 339; 17 Barb., 446. 3. It is always proper for a judge to direct a verdict for one of the parties, when a contrary verdict would be set aside as against evidence. 10 Barb., 321; 28 id., 99; 12

id., 84; 14 id., 259; 2 Denio, 59; 10 N. Y., 236; 15 id., 409; id., 524; 8 id., 67; 24 Wend., 385; 19 Wis., 22.

DIXON, C. J. The rule of *Follett v. Heath*, 15 Wis., 601, is not to be extended beyond the facts in the case then before the court. The facts there were, that the mortgage gave a totally false description of the note intended to be secured, or which was so claimed. The description was false and foreign in every particular, save that the names of the parties to the note, maker and payee, were correctly given. The note described differed, in amount, date and time of payment, altogether from that held by the mortgagee.

There is no such departure from a correct description in the present case. The mortgage does not purport to give the precise date of the note, but describes it as "a certain promissory note made and delivered on or about the eighth day of August, 1867." The note intended to be secured bore date the 6th day of August, 1867. The description reads, "signed by said Thomas P. Benton and W. W. Benton and W. H. Leeman, payable on or before one year from date." The note *was* signed by the same parties, and payable on or before the first day of September 1868, being but twenty-five days more than one year from its date. The residue of the description contained in the mortgage is, that the note was payable "to the N. W. U. P. Company for the sum of five thousand dollars." The note produced was payable to the Northwestern Union Packet Company at the First National Bank of La Crosse, and was for the sum of five thousand dollars. The abbreviations, or substitution of the initial letters, in describing the payee is a very simple matter, and cannot mislead any one. It does not render inaccurate, much less spoil the description. Neither is it a material circumstance that the place of payment, and the condition that the note might be paid by the delivery of a barge in lieu of money, were omitted in the description. It is enough in such

case that sufficient facts are stated, and correctly stated, to point out, and enable us with reasonable certainty to identify, the instrument intended to be secured. Nor is it indispensable that all the facts stated, or particulars of description given, should precisely correspond with the instrument for the security of which the mortgage was executed. The maxim *falsa demonstratio non nocet*, applies; and if to a description already adequate and sufficient to point out with convenient certainty the note intended to be secured, there be added that which is inapt and erroneous, the latter will not vitiate the former: *quicquid demonstratæ rei additur satis demonstratæ frustra est.*

The points of correspondence or accuracy, comparing the note itself with the description given of it in the mortgage, are in this instance quite numerous and unmistakable. First, there is the date, which, though not exactly, is sufficiently indicated to avoid any reasonable doubt; second, the time of payment in like manner indicated; third, the amount; fourth, the name of the payee; and fifth, the names in full of the subscribers of the note. With these particulars accurately stated, or so nearly so, the case seems to fall within the rule laid down in *Robertson v. Stark*, 15 N. H., 112, and sustained by the long line of authorities cited by counsel for the defendant. In that case Chief Justice PARKER says: "Where a note, or other obligation, is offered in evidence in connection with a mortgage, it is not necessary that all the particulars of it should be specified in the condition of the mortgage, in order to identify it as the note intended to be secured by the mortgage. It will be sufficient if it is so far described that it appears, with reasonable certainty, to be the note or contract intended to be secured by the mortgage. If there should be certain particulars in which it agreed with the description in the condition, and certain other particulars in which it varied from it, the mere possession of it by the mortgagee might not furnish even *prima facie* evidence that it was the very note or contract intended to be described and secured; although, if the variances were in

Paine and another vs. Benton.

immaterial matters, they might be regarded as unimportant upon the question of identity.

" But where the description is accurate so far as it goes, the paper offered in evidence merely containing other particulars, consistent with those set down in the condition, it seems to be quite clear that the possession and production of the instrument is *prima facie* evidence that it is the same mentioned in the condition."

According to the rule thus given, and by a court of most respectable authority, it would seem that the note produced was admissible in evidence; or at least it seems very difficult for us to decide that it ought not to have been admitted.

But if we are wrong in this, then the parol proof offered by the defendant for the purpose of showing that the note produced was that intended to be secured by the mortgage, should have been received. The case of *Follett v. Heath* only holds that such proof is inadmissible in an action at law when the note produced is totally variant from that described in the mortgage. It is well settled, where the note agrees in some respects with that described in the mortgage, though it differs in others, that it may be proved by parol to be the note intended to be described in the mortgage. *Williams v. Hilton*, 35 Maine, 547; *Partridge v. Swazey*, 46 id., 414; *Johns v. Church*, 12 Pick., 557; *Boody v. Davis*, 20 N. H., 140; *McKinster v. Babcock*, 26 N. Y., 378; *Hurd v. Robinson*, 11 Ohio St., 232.

The objection that there was no consideration to support the mortgage is itself without support. It was unnecessary that any consideration should pass at the time of its execution. A still existing past consideration was sufficient to support it. The liability of the mortgagee as surety upon the note was enough; and it was in legal effect and to all intents, so far as the consideration was concerned, the same as if he had taken such indemnity at the time of becoming such surety by signing the note, which unquestionably would have been valid.

VOL. XXXII—32

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.