HAMMEL VS. THE QUEEN INSURANCE COMPANY OF LONDON AND LIVERPOOL.

*September 22 — October 12, 1880.*

INSURANCE AGAINST FIRE. *(1) Reformation of policy: Jurisdiction of equity: How issues of fact tried. (2) When mortgagee of property may sue alone. (3) When demurrer for defect of parties plaintiff will lie.*

1. In an action for a loss upon an insurance policy, an averment in the complaint of a mistake in the policy, and a prayer for its reformation, give jurisdiction in equity; if the policy should be reformed, the court will retain jurisdiction for the determination of all issues which may be made upon it; and all issues of fact will, if required, be tried by a jury.

2. If a policy of insurance is payable to a mortgagee of the premises, as his interest shall appear, and if, when a loss becomes payable, his mortgage debt is in fact greater than the sum insured, the legal title of the policy is in him, and he may sue upon it alone.

3. In an action upon such a policy by the mortgagee alone, the question whether the mortgagor is a necessary plaintiff cannot be raised by *demurrer*, unless the complaint itself shows an interest in the mortgagor; and an averment that the mortgage debt still due the plaintiff exceeds the insurance, being admitted by demurrer, shows that plaintiff is the sole party in interest.

ORTON, J., dissents from the last two propositions.

APPEAL from the Circuit Court for *Outagamie* County.

Action upon a policy of insurance. The complaint alleges: 1. The incorporation of the defendant. 2. That on the 17th of May, 1879, the defendant issued its policy, whereby it in-

sured C. A. Gachnang, Herman Gachnang and John Gachnang against loss by fire, to the amount of $1,200, on certain described property, for the term of one year from said date; that the said Gachnangs had an insurable interest in the property, as owners; that the policy, at the time of its delivery, contained a clause as follows: " Loss, if any, payable to Max Goldberg, as his interest may appear as mortgagee;" that on the 18th of September, 1879, the defendant, by and with the consent of the assured and the said Goldberg, promised and agreed with the plaintiff in writing by an indorsement upon the policy as follows: " Loss, if any, under this policy, payable to J. Hammel, as his interest may appear." 3. That on the 11th of November, 1879, the property insured was destroyed by fire, and that the value thereof exceeded $1,200. 4. That the insured gave due notice and delivered due proofs of the loss to the defendant, and demanded payment. 5. That the plaintiff had an insurable interest in the property, for that, on the 27th of December, 1877, the said Gachnangs executed and delivered to one Regina Gachnang their promissory note for $1,000, secured by a mortgage on the property insured; that at the time the mortgage was given the Gachnangs were in actual possession of the premises, and so remained until the assignment of said mortgage to Max Goldberg, which was made by said Regina Gachnang, April 4, 1878; that, at that time, said Goldberg took possession of said premises, and continued in possession thereof to the time of the fire; and that defendant well knew, at the time the policy was issued, that the interest of said Goldberg in said insured property was that of mortgagee in possession; that on September 28, 1879, said Goldberg duly assigned said note and mortgage to the plaintiff, and, with the consent of the defendant written on said policy as aforesaid, duly assigned to this plaintiff all his right, title and interest in and to the said policy, and all claims and demands which might accrue thereunder, and the defendant well knew at that time that the interest of the plaintiff in

said insured property was that of mortgagee.  6. That plaintiff is the lawful holder and owner of said note and mortgage, no part of which has been paid, and that the interest of the plaintiff in said insured property, by reason of said note and mortgage, at the commencement of this action exceeded $1,200; that plaintiff is sole owner of all claims and demands against the defendant under said policy, on account of the loss aforesaid; and that there is due and payable to plaintiff from defendant, the sum of $1,200 with interest.  7. That defendant has received, accepted and retained said proofs of loss, but has refused to recognize plaintiff's claim, and denied all liability, thereby waiving all proofs of loss.  8. That at the time of the execution and delivery of the policy, the lots upon which the insured property was situate, were erroneously described as [description in the policy], and in order to make it conform to the actual intention and agreement of the parties, it is necessary that the said description in said policy should be corrected so as to read as follows: [true description].

The complaint concludes with a prayer for the reformation of the policy, and for judgment thereon.

The defendant demurred to the complaint on the grounds that there was a defect of parties plaintiff, in that the Gachnangs were not joined; that the complaint does not state a cause of action; and that several causes of action are improperly joined.  It also demurred specifically to the eighth paragraph on the ground that there is a defect of parties, as before; that it does not state a cause of action; and that the court has no jurisdiction of the subject matter of the alleged cause of action therein, the plaintiff having a plain, complete and adequate remedy at law.

From an order overruling the demurrer, the defendant appealed.

For the appellant there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

For the respondent there was a brief by *Barnes & Good-*

*land* and *Leopold Hammel*, and oral argument by *Mr. Good-land*.

RYAN, C. J. 1. The jurisdiction of equity to reform a' written instrument, on the ground of mistake, is exclusive. Story's Eq., §§ 154–157; *Follett v. Heath*, 15 Wis., 601; *Harrison v. Bank*, 17 Wis., 340. The counsel for the appellant referred to two cases in this court — *Parker v. Ins. Co.*, 34 Wis., 363, and *Roberts v. Ins. Co.*, 41 Wis., 327 — in support of the position that courts of law now possess concurrent jurisdiction. But neither of these cases, nor, so far as is known, any others, support him. And it is hardly necessary to remark that such a rule would open the door wide for parol evidence to modify written contracts, of which courts of law have such an abhorrence. The rule is familiar that a court of equity, having taken jurisdiction of the subject matter of litigation for one purpose, will retain it for all purposes between the parties. *Prescott v. Evarts*, 4 Wis., 314; *Akerly v. Vilas*, 15 Wis., 401; *Hamilton v. Fond du Lac*, 25 Wis., 490.

The averment in the complaint of a mistake in the policy of insurance, and the prayer for its reformation, give jurisdiction in equity. If the policy should be reformed, the court will retain jurisdiction for the determination of all issues which may be made upon it; and all issues of fact will, if required, be tried by a jury. *Harrison v. Bank, supra.*

2. The legal title to the policy of insurance was as effectually in the plaintiff as if it had been assigned to him. *Appleton Iron Co. v. Ins. Co.*, 46 Wis., 23. He was mortgagee of the premises insured, and the loss, if any, was made payable to him as his interest might appear. His mortgage debt is averred to be greater than the sum insured. Thus his interest appears to be the whole interest in the policy. In these circumstances it is difficult to perceive why the mortgagor is a necessary party. It has been held in this court that where the legal title of the policy is in the creditor, he may maintain an

action on the policy in his own name. *Northwestern M. L. Ins. Co. v. Germania F. Ins. Co.*, 40 Wis., 446. Elsewhere, the great current of authority is to the same effect. *Grosvenor v. Ins. Co.*, 17 N. Y., 391; *Cone v. Ins. Co.*, 60 N. Y., 619; *Ennis v. Ins. Co.*, 3 Bosworth, 516; *Chamberlain v. Ins. Co.*, 55 N. H., 249. Both may undoubtedly join as plaintiffs, as has been often held in this court. *Appleton Iron Co. v. Ins. Co., supra.* If the mortgagee alone sue, and recover more than his debt, he will hold the surplus as trustee for his debtor. May on Insurance, § 449; *Cone v. Ins. Co., supra.*

It was contended that this rule affords no adequate protection to the mortgagor. The answer to this position is, that the demurrer admits that the mortgagor has no interest. It is competent for the defendant to suggest, by affidavit or answer, that the mortgagor is a necessary plaintiff. R. S., secs. 2610–2611. But he can raise the question by demurrer only when the interest in the mortgagor is patent in the complaint. Where the mortgagor is not made a party, there is, perhaps, a risk that his interest may not be properly protected. But this may happen to assignors in all actions by assignees. Indeed, it may happen in any litigation where there is an outstanding, unapparent interest in one not a party. This is an infirmity of human justice. All that courts can do is to require those to be made parties whose interest is apparent; and sometimes, when this cannot be done, to do justice to the parties before them as far as they may be able. *Du Pont v. Davis*, 35 Wis., 631.

The order overruling the demurrer must be affirmed.

ORTON, J. I most respectfully dissent from the decision of this case. The insurance policy was issued to the mortgagor, and the loss made payable to the mortgagee as his interest may appear; that is, as his interest may appear in and by this suit. What his interest *is* in the loss is one of the material questions to be determined in this suit, and this ques-

tion depends upon whether the mortgage has been paid wholly or in part, or is wholly unpaid. The plaintiff, suing as the mortgagee, alleges that he is entitled to the whole loss. Who, besides him, is interested in this question, if not the mortgagor? It is said that this averment, on demurrer, must be taken as true, and that therefore the complaint shows that the mortgagor has no interest in the fund, and that he is therefore not a proper or necessary party to the suit. This is begging the whole question. The plaintiff occupies a position hostile, and this averment is antagonistic, to the rights and interests of the mortgagor, and the mortgagor is directly interested and alone interested in controverting this averment, and in showing that the mortgage has been wholly or in part paid, and that the interest of the plaintiff in the fund is less than he avers, or none at all, and that he is alone entitled to the loss, or jointly with the plaintiff.

If it is shown that the interest of the mortgagee is less than the whole loss, then the mortgagor will be entitled to the overplus; and if it be shown that the mortgagee has no interest, then the mortgagor will be entitled to the whole loss, and a judgment for the same in this suit. Instead of the averments of the complaint showing that the mortgagor has no interest, they show that he has a direct interest in one of the material questions to be litigated in the suit. But it is said also that the defendant insurance company may, by answer, controvert this averment of the complaint, and then it may appear by the answer that the mortgagor is interested in the question and a necessary party. Why so? If the company may by answer deny this allegation, and allege the payment of the mortgage wholly or in part without the presence of the mortgagor as a party, why may not the company also try the question of fact upon such an issue without his presence? If there can be but one suit on this policy for the loss, and this adjudication is final and conclusive of the rights of the mortgagor, then the insurance company is indifferent and has no interest in raising such an issue, and will not make such an issue for and on be-

Hammel vs. The Queen Ins. Co. of London and Liverpool.

half of the mortgagor. If the mortgagor is not concluded, then he is the only party, besides the mortgagee, who has knowledge of the facts on which the allegations necessary to form such an issue could be based. The insurance company, surely, is not supposed to have such knowledge. But besides this, in such case, the mortgagor should be made a party so that he may be concluded as well as the mortgagee, and the interest of all parties in the fund be ascertained and adjusted in one suit.

No case is cited in which it has been held that the mortgagor, in a case like this, where the policy was issued to the mortgagor, and the loss payable to the mortgagee *as his interest may appear*, was not a necessary party. All of the cases cited were where the whole loss was payable to the mortgagee. This case must rest alone upon the general principle that all persons interested in the subject matter of the litigation must be made parties. The interest of the mortgagor in the subject matter of this litigation is clearly apparent from the complaint itself, and the defect in his not being made a party to the suit may be taken advantage of by demurrer. This is really the only way in which the defendant would be able to raise the question; and why should not the insurance company be allowed, upon the demurrer to the complaint, to suggest and contend that the complaint shows the mortgagor to be a necessary party, and that he ought to be brought in in order that a full determination of the whole controversy may be made in this one action against the company? Why should the insurance company be compelled to state facts in an answer, of which it has and can have no actual knowledge, in order to show that the mortgagor has an interest in the subject matter of the suit, where his interest in the questions to be litigated, tried and determined is so clearly apparent on the face of the complaint?

*By the Court.*— The order overruling the demurrer is affirmed.