MICHAEL KEMPF, Respondent, v. THE FARMERS MUTUAL FIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, April 29, 1890.

Insurance : ASSIGNMENT TO MORTGAGEE : ADDITIONAL INSURANCE BY ASSIGNOR. A policy of fire insurance, which provides that it shall be avoided by the procurement of additional insurance by the insured or his assigns without the consent of the insurer, will become void on the procurement of additional insurance by the insured without such consent, though prior thereto the first insurance was with the consent of the insurer assigned by the insured to a mortgagee of the property, such assignment being absolute in form but in reality as security for the mortgage debt.

*Appeal from the St. Louis County Circuit Court.*
HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

*Geo. W. Royse,* for appellant.

*M. F. Taylor* and *R. L. McLaran,* for respondent,

THOMPSON, J.—This was an action upon a policy of fire insurance issued to one George Baier and assigned by him to the plaintiff. The case was tried by the court sitting as a jury, and there was a finding and

judgment for the plaintiff, from which the defendant prosecutes this appeal.

The only defense, which the defendant attempted to maintain at the trial, was shown by the following undisputed state of facts : On the sixth day of September, 1886, George Baier applied to the defendant for, and obtained, a policy of insurance against loss or damage by fire, in the sum of eleven hundred and sixteen dollars, upon certain buildings located upon land owned by him, in Carondelet township, St. Louis county, Missouri. The buildings were of the value of about fifteen hundred dollars. Baier paid a cash premium of twenty-two dollars and thirty-two cents, and gave his premium note, subject to assessment, to the defendant for two hundred and twenty-three dollars and twenty cents. This plaintiff, at the date of such insurance, had a deed of trust for fifteen hundred dollars upon the property of Baier, including the buildings thus insured by the defendant. On the thirtieth day of October, 1886, Baier transferred his policy of insurance to the plaintiff, the transfer being in writing, indorsed on the policy, with the consent of the defendant,—said transfer and consent being as follows :

"St. Louis County, October 30, 1886.

"The Farmers Mutual Fire Insurance Company hereby consent that the interest of George Baier in the within policy, subject to all the terms and conditions therein mentioned and referred to, be assigned to Michael Kempf.        Thomas J. Sappington,
"C. B. Wolff,                                    President.
"Secretary."

"For value received, I hereby transfer, assign and set over unto Michael Kempf, and his assigns, all my title and interest in this policy, and all advantages derived therefrom. Witness my hand and seal this thirtieth day of October, 1886.
"[ Seal.]                    George Baier."

The plaintiff continued to hold this policy until the property was totally destroyed by fire on the twenty-fourth day of September, 1888. He, after the fire, made demand upon the defendant for the amount of the loss, under the policy, payment of which was by the defendant refused.

On the first day of August, 1888, and before the destruction of the buildings by fire, as above stated, Baier, without the knowledge or consent of the defendant, insured the same buildings, described in the defendant's policy to him, in the Oakland Home Insurance Company for two thousand dollars against loss or damage by fire, and received a policy from said company therefor, which policy was in full force and effect at the date of the loss of the buildings by fire on September 24, 1888. Baier was paid his loss under the second policy by the Oakland Home Insurance Company, on November 12, 1888, after making his proofs of loss, etc., in due form. Baier never gave any notice, in writing or otherwise, to this defendant of this second insurance on the property, nor did he ever have the same indorsed on the policy held by his assignee in the defendant company. The defendant had no notice or knowledge of the second insurance, until long after the loss. The policy issued by the defendant to Baier, and sued upon herein by the plaintiff, contained the following provision: "And if the assured, or his assigns, shall hereafter make any other insurance upon the same property, and shall not immediately thereafter give notice to this company, and have the same indorsed on this policy, the same shall cease and be of no effect."

Upon this state of facts the learned judge gave the following declaration of law:

"The court, sitting as a jury, declares the law to be that, although Baier, to whom this policy was issued, may have taken out other insurance on this property after the assignment to plaintiff, without having

notified defendant, yet this will not defeat plain-
tiff's right to recover in this case, unless plaintiff had
knowledge of the same, or unless the same was taken
out with plaintiff's consent."

The precise question thus presented does not seem
ever to have been passed upon in this state. The ques-
tion of the rights of the parties in the case of an assign-
ment of an insurance policy, or of an interest therein,
has arisen in three classes of cases :

I.   Where the policy is not assigned in form, but
where the loss is merely made payable to some person
other than the insured. In such a case the person to
whom the loss is made payable does not become the
assignee of the policy. The relation of insurer and
insured continues to exist between the original parties
to it. The effect of the memorandum is merely to make
the person designated the payee of the loss, if any
happens ; and, according to a *dictum* of Judge GANTT,
in giving the opinion of this court, any act done by the
insured to vitiate the insurance will defeat the right of
the designated beneficiary to recover the loss. *Griswold
v. Ins. Co.*, 1 Mo. App. 97, 100 ; s. c., affirmed on the
opinion of this court in 70 Mo. 654. While the *dictum*
of Judge GANTT was not necessary for the decision
of the case before the court, it is supported by the
best judicial opinion in other jurisdictions. *Hale
v. Ins. Co.*, 6 Gray, 169 ; s. c., 66 Am. Dec. 410 ;
*Loring v. Ins. Co.*, 8 Gray, 30 ; *Edes v. Ins. Co.*, 3
Allen, 362 ; *Franklin Savings Inst. v. Ins. Co.*, 119
Mass. 240 ; *Van Buren v. Ins. Co.*, 28 Mich. 405 ; *Bates
v. Ins. Co.*, 10 Wall. 33. A distinction has been taken,
in respect of the question under consideration, between
the case of a clause in a policy, assented to by the
insurer, that the loss, if any, shall be payable to a third
party, and an absolute assignment of a policy. See
May on Insurance, sec. 379. But we apprehend that
this distinction has no influence upon the question

which we are considering, where the assignment is made to a mortgagee as additional security ; because, under our law, a mortgage or a deed of trust in the nature of a mortgage, is regarded as a mere security for a debt in such a sense that, on the satisfaction of the debt, the title or interest conveyed by the mortgage or deed of trust reverts to the mortgagor or grantor, or his assigns, by mere operation of law. *McNair v. Picotte*, 33 Mo. 57 ; *Pease v. Iron Co.*, 49 Mo. 124. In the latter case, then, equally with the former, on the satisfaction of the mortgage or deed of trust, the beneficial right of the assignee, or person designated in the indorsement on the policy, to the insurance money would cease ; and thereafter, if he could collect it at all, it would only be as trustee, and for the benefit of the assignor.

II. The second case is that now before us, where there is a formal assignment, consented to by the insurer, of all the interest of the person originally insured in the policy, to the mortgagee or to the trustee or beneficiary in the mortgage deed of trust, as additional collateral security. In such a case the question whether the policy can be avoided by any act in violation of its terms, done by the person originally insured while the assignment is in force, is, as already stated, an open question in this state.

III. The third case is where the property which is the subject of the insurance is sold outright, and the policy is assigned to the vendee by the vendor, with the consent of the insurer. Here, by the fact of the sale, the person originally insured parts with all interest in the subject of the insurance, and hence loses all insurable interest in it. The assignment of the policy, with the assent of the insurer, becomes a complete novation, and, thereafter, the person originally insured can do no act, without the consent or privity of the assignee of the policy, which will have the effect of vitiating,

except such acts as any other stranger might do. This was distinctly ruled by our supreme court in *Breckinridge v. Ins. Co.*, 87 Mo. 62, 72, and we suppose there is no conflict of authority anywhere on this point.

But this does not touch the question which falls in the second subdivision above stated. Upon this question we find that the authorities in other jurisdictions are not in harmony; but the weight of authority and of reason seems to be opposed to the view taken by the trial court in this case.

In early decisions in New York it was held that no act of the insured, after an assignment of the policy, can impair the rights of the assignee. *Traders Ins. Co. v. Robert*, 9 Wend. 404; *Tillon v. Ins. Co.*, 5 N. Y. 406. But the difficulty of sustaining this doctrine became too great. It was perceived that, if this were the rule, a mortgagor remaining in possession, with the policy of insurance assigned to his mortgagee, might prejudice the rights of the insurer, by changing the risk from an ordinary, to an extraordinary, risk. He might convert a dwelling house into a manufactory of pyrotechnics or of gunpowder; or he might even, as was charged in one case, hereafter cited, set the house on fire with intent to defraud the insurer. The court of appeals of New York accordingly deliberately overruled their former decisions on this question, by holding that, where the loss is merely made payable to the mortgagee (*Grosvenor v. Ins. Co.*, 17 N. Y. 391), and also where the policy is assigned, as in the case now before us (*Buffalo Steam Works v. Ins. Co.*, 17 N. Y. 401), the policy may be avoided by the acts of the assignor, done contrary to its terms, after the assignment has taken place.

The supreme court of Pennsylvania has adopted the rule of these last cases, in a well-considered opinion. *State Mut. Fire Ins. Co. v. Roberts*, 31 Pa. St. 438. The supreme court of Wisconsin followed in *Pupke v. Ins.*

*Co.*, 17 Wis. 378 ; s. c., 84 Am. Dec. 754 ; and the supreme court of Illinois followed in *Illinois Mut. Fire Ins. Co. v. Fix*, 53 Ill. 151 ; s. c., 5 Am. Rep. 38. The gross injustice of the opposing rule was illustrated by the history of the case of *Traders Ins. Co. v. Roberts*, 9 Wend. 404, and 17 Wend. 637, where the person originally insured received the full benefits of the policy, in consequence of the equities of his assignee, although he himself had parted with all rights under it. See the observations on that case by Mr. Justice LAWRENCE in *Illinois, etc., Ins. Co. v. Fix, supra.* The impolicy of the rule is also quite well illustrated by the fact of a case now before us. Here there has been a second insurance, by the mortgagor remaining in possession, contrary to the terms of the first policy, which is the policy in suit. The mortgagor has collected the full amount of his loss under that policy. If the mortgagee is also allowed to recover under this policy, in defiance of the provision above quoted from it, it would result that there has been a *double insurance* contrary to its terms ; that the policy has been wrested from its true function, as intended and stipulated by the parties, which was that of a contract of indemnity, into a means of speculation,—a mere wagering contract, whereby an excessive insurance has been placed on property, in favor of different persons having different interests therein,—a fact which holds out direct temptations to the fraudulent destruction of insured property.

There is, it is true, a hardship in making an honest mortgagee suffer for the act of his mortgagor, for which he is in no way responsible. But he can easily protect himself by insuring his own interest ; for, as was held in *Dick v. Franklin Fire Ins. Co.*, 10 Mo. App. 376, the mortgagor and the mortgagee may each maintain a separate insurance on *his interest* in the property, to the extent of the value of such interest, and this is not a

double insurance.  But, in the case before us, the insurance created by the second policy *was* a double insurance.  For the insurance created by the policy in suit was an insurance *of the interest of the mortgagor*, and not of the mortgagee.  *Carpenter v. Ins. Co.*, 16 Pet. 495 ; *Bates v. Ins. Co.*, 10 Wall. 33 ; *Michael v. Ins. Co.*, 17 Mo. App. 23.  And the second policy, forbidden by the terms of the first policy, was likewise an insurance on the interest of the mortgagor.  There was, therefore, a double insurance on the same interest, contrary to the terms of the first policy, and, it may be added, contrary to the policy of the law.

The judgment will be reversed, and, as there can be no recovery upon the undisputed facts, the cause will not be remanded.  It is so ordered.  All the judges concur.

ROMBAUER, P. J., delivered the opinion of the court on the motion of the respondent for a modification of the judgment of this court.

The respondent has filed a motion asking that we so modify our judgment, as to remand the cause for further proceedings.  He states in support of his motion that he will be able to show on a retrial of the cause that he made application for the insurance of his interest in the property only, and that the policy issued to him was represented to him by the defendant as a policy on his interest alone.  His allegation in substance is that he has a cause of action in equity for the reformation of the policy and for recovery upon the policy thus reformed, which is not disclosed by the evidence as preserved in the bill of exceptions.

We will sustain the motion and remand the cause for further proceedings to give the plaintiff an opportunity to proceed either by dismissing the present proceedings, and proceeding in equity on the theory indicated, or of seeking the same result by amendment.

In so doing, however, we do not desire to be understood as adjudging that the result can properly be reached by amendment.

With the concurrence of all the judges the judgment will be so modified as to remand the cause.