JOSEPH R. RIDGE, Respondent, v. THE HOME INSUR-
ANCE COMPANY OF NEW YORK, Appellant.

St. Louis Court of Appeals, December 10, 1895.

Fire Insurance: CONSTRUCTION OF POLICY: EFFECT OF SETTLEMENT
WITH ONE OF SEVERAL JOINT OBLIGEES. A policy of fire insurance
on a dwelling, issued in favor of the estate of a decedent but made
payable to a doweress as her interest might appear, creates an obli-
gation to the reversioner and the doweress jointly. Such being the
nature of the obligation, payment of a loss under the policy by the
insurance company to the doweress operates as a complete discharge
of the claims of the reversioner.

*Appeal from the Shelby Circuit Court.*—HON. ANDREW
ELLISON, Judge.

REVERSED.

*Fyke, Yates & Fyke* for appellant.

*W. O. L. Jewett* and *R. P. Giles* for respondent.

BIGGS, J.—This action is on a policy of fire insur-
ance. There is no controversy about the facts. By
the terms of the policy the estate of William Ridge,
deceased, was insured against loss by fire upon a
dwelling house situated on certain lands therein de-
scribed, loss, if any, payable to Mrs. Sallie Ridge "as
her interest may appear." During the life of the
policy the house was burned, and a few months there-
after Sallie Ridge died. The land upon which the
house was located belonged to the estate of William
Ridge, deceased, and it had been set apart as a portion
of the dower of Sallie Ridge who was the widow of the
deceased. The plaintiff was the owner of the rever-

sion. After the death of Mrs. Ridge the defendant adjusted and settled the loss with her executor, and took his receipt in full settlement of the loss. This settlement was made against the protest of the plaintiff. The cause was submitted to the court without a jury, and at the conclusion of the evidence the defendant asked the court to instruct that under the law and evidence the finding should be for the defendant. The court refused to give the instruction and rendered judgment for the full amount of the policy, with interest. The defendant has appealed.

If the right to sue was in Mrs. Ridge alone, then it devolved on her executor, which necessarily carried with it the right to demand and collect the amount of the loss. Or, if by the terms of the policy the money was to be paid to Mrs. Ridge and the plaintiff jointly, then they were joint obligees, and the settlement and discharge of the claim by either would bind the other. *Clark v. Cable*, 21 Mo. 223; *Henry v. Mount Pleasant Township*, 70 Mo. 500. Under either condition the judgment is for the wrong party. We will discuss the propositions in their order.

Under the evidence Mrs. Ridge was not the sole beneficiary in the policy. She was only a life tenant, and as such her interest in the amount of the insurance at the date of the loss was to be determined according to her "expectancy" as shown by the life tables. The remainder of the fund belonged to the plaintiff as the owner of the fee. By the terms of the policy the loss was made payable to Mrs. Ridge as her interest might appear. Was this a designation of her as sole payee of the loss? If so, then she or her executor had a right to sue for and recover the entire insurance, and, if collected, she or her executor, as the case might be, would hold the amount in excess of her interest as trustee for the plaintiff.

No case similar in its facts has been cited, neither have we been able to find one in the investigation which we have been able to make. The closest analogies are cases where the insurance has been effected by the mortgagor, and the loss is directed to be paid to the mortgagee. In such a case, where the direction to pay is unconditional, the right to sue is vested solely in the mortgagee, unless the mortgage debt was satisfied prior to the loss. *Griswold v. Insurance Company*, 1 Mo. App. 97; *Kempf v. Insurance Company*, 41 Mo. App. 27. Where the policy provides that the loss, if any, shall be paid to the mortgagee *as his interest may appear*, a different question is presented. The best reasoned cases hold that, if the mortgage debt exceeds the loss, the right to sue is in the mortgagee alone, upon the theory that the clause in the policy gave him the same rights as if the policy had been absolutely assigned to him. *Appleton Iron Company v. Insurance Co.*, 46 Wis. 23; *Hammel v. Insurance Company*, 50 Wis. 240; *Harrington v. Fitchburg Ins. Co.*, 124 Mass. 126; Beach on Insurance, sections 1285 and 1286, and authorities cited. However, if the mortgagee should refuse to bring the suit, the mortgagor, who is interested in the collection and application of the insurance to the discharge of the debt, could maintain an action for the recovery of the insurance by making the mortgagee a defendant. *Ennis v. Insurance Company*, 3 Bosw. 516. But, if the amount due under the policy exceeds the mortgage debt, then the mortgagor and mortgagee should join in the action, for under the terms of the policy both are payees and have a joint interest in the fund. *West Coast Lumber Company v. State, etc., Ins. Co.*, 33 Pac. Rep. 258. Applying the principles stated to the case at bar, the conclusion is unavoidable that the right to sue devolved on Mrs. Ridge as life tenant and the plaintiff as reversioner.

Each had a direct and specific interest in the amount due under the policy.

What we have said necessarily disposes of the other question adversely to the plaintiff. Mr. Beach in his work on the law of insurance, in treating of the right of one joint creditor to adjust and release the joint obligation, thus states the rule: "It is a general rule that, where a demand is owned by several by such a unity of interest that all must be joined as parties in a strictly personal action for its recovery, a release of the claim by one of the owners is as effectual as a release of all." (Sec. 1252.) The author states several exceptions, but the case here falls within none of them. The rule is a reasonable one, and necessarily results from the nature of joint contracts. As stated by Judge SCOTT in *Clark v. Cable, supra*, the co-obligee can not complain, "as it was his own act to enter into a contract with another, who would have the right to control it." To the same effect is the case of *Henry v. Mt. Pleasant Township, supra*. That the obligation here was a joint one, we have undertaken to show in the discussion of the first question, and, entertaining that opinion, we must hold that the settlement made by the executor of Mrs. Ridge is binding on the plaintiff so far as the defendant is concerned. The remedy of the plaintiff is against the executor who holds his portion of the fund in trust for him. The demand not having been paid during the lifetime of Mrs. Ridge, the interest of her estate in the fund need not and ought not to be decided by us, as the executor is not a party to the suit.

It follows that the judgment of the circuit court must be reversed, and the cause dismissed. It is so ordered. All concur.