SEPT. TERM,
1837.

White & Cross
v.
Collier,

WHITE & CROSS v. COLLIER.

1. Petition and summons. Plea, non est factum, &c. Judgment against defendant, and motion for a new trial, on the ground that the instrument sued on was not filed in the clerk's office along with the petition. Held, that the objection, if any, could only be taken advantage of in the court below by motion to dismiss, or it might have been good cause for continuance, but that defendant waived such objection by pleading, &c.
2. Ignorance of the law is no excuse for failures to comply with its provisions.

APPEAL from the circuit court of Cape Girardeau county.

*Brickey* for appellants:

The first point relied upon by the appellants is, the circuit court erred in refusing the defendants below a new trial. Second; the circuit court erred in trying the cause at the return term of the writ: Because the bill obligatory, and the assignments thereon were not filed with the clerk as required by law. Third; the circuit court erred in disregarding the defendants' affidavit for a new trial. Fourth; the circuit court erred in not permitting the defendants to plead their off-set against the assignor of the writing obligatory sued upon, according to the defendants' affidavit.

As to the first point, there is no doubt if the affidavit of White had been made before the cause was tried that he had a just off-set against the action, and could not go to trial at that term, the court would have been bound to have granted a continuance *then; the* reason why the affidavit was not made for a continuance is explained, and shown to be the sickness and inability of the defendants to attend court. These facts appear from the affidavit set out in the bill of exceptions. The law is clear as to the power of the court to grant a continuance for good cause shown—see Digest, page 449, sections 4 and 5, "Petition in Debt."

It may be said, that inasmuch as the defendants omitted to appear and make their affidavit for a continuance in the first instance, to enable them to prove the off-set, it was too late after judgment to move for a new trial, notwithstanding the affidavit. But to this argument I will answer, that the defendant states in his affidavit he had no idea or expectation that the cause would be tried at the first term; and also, that he was too sick, and unable to come to court within the time prescribed for pleading to this form of action. Upon the presumption then that the affidavit is true, and that there was justly

SEPT. TERM,
1837.

White & Cross
v.
Collier.

due and owing to the defendants upwards of one hundred dollars from the assignor of the plaintiff, there is manifestly a great injustice done to the defendants by the decision of the circuit court in refusing to grant a new trial for the causes before shown, and such as this court will remedy.

As to the second point, the statute declares "that the petition, together with the assignments, *shall* be filed in the clerk's office, and a writ of summons or capias may be served out, executed and returned in the same manner and with the like effect as upon a declaration in the ordinary form"—see Digest, 449, sec. 3. Now it would seem from this law that the plaintiff, suing by petition and summons, was bound in the first instance to file with the clerk the petition and the obligation, &c., before a writ could issue; and if he omitted or neglected to do so, and a summons should issue, and the sheriff serve the same on the defendant, as in this case, and immediately after the service of the writ the defendant should go to the clerk's office for the purpose of inspecting the obligation as well as the assignments upon which he was sued, and should be informed by the clerk that the law had not been complied with, that no such papers had been filed with him: I ask, how is it possible for the defendant to make that preparation for his defence and trial at the next court, when the law requires him to plead within the two first days of the term, or within such time as the court shall direct? In the ordinary course of judicial proceedings, a defendant has several days to plead, and, if it become necessary, he can then ask leave of the court for a longer time to plead. It never could have been the intention of the legislature, in passing the petition and summons law, to have created a trap to surprise the defendants, who might have a just cause of defence, as in the present instance. Should it be asked why this defence was not set up in the proper time limited by the statute, I answer, first, the obligation not being filed with the clerk, as the law absolutely requires, was well calculated to deceive the defendants, and induce them to believe that the cause could not be tried at the first term; and secondly, according to the affidavit, the defendant was not able to come to court until judgment was given against him, and then only impelled by necessity, sick as he was, when he was informed of the proceedings against him.

The third point may be already considered; for, if the reasons above urged have any weight in them, it was the

SEPT. TERM,
1837.

White & Cross
v.
Collier.

duty of the court to have considered the affidavit on a motion for a new trial as they would have done for a continuance in the first place; and the more especially when it is declared by the affiant that in consequence of his indisposition he was unable to see and consult with his counsel as to his true defence, when, had the court granted the new trial as prayed for, the defendants could have had the benefit of the advantage of consulting with their counsel. With regard to new trials, the statute has made provisions that the costs shall abide the event of the suit, or be paid by the party to whom such new trial is granted, according to the order of the court—see Rev. Code, page 470, sec. 2. The injustice of this case will appear, when it is considered that the defendant in this case was sick, and unable to attend court to apprise his counsel of the true nature of his defence. The fact that the plaintiff did not comply with the law in filing his bill obligatory with the clerk as the law requires, induced the defendants to suppose the cause could not be tried the first term.

That the defendants were taken by surprise in not being allowed to bring in their off-set against Fulkerson, the assignor of the bill obligatory, and that they had a right to do so, will not be denied, because the statute provides " that the obligor or maker shall be allowed every just set-off and discount against the assignee or assignors, before judgment." Also, "that the nature of the defence of the obligor or maker shall not be changed by the assignment, but he may make the same defence against the bond or note in the hands of the assignee that he might have made against the assignor"—Revised Code, page 104, sec. 3 and 4.

*Cole*, for appellee:

As to the first ground assumed for a new trial, I would ask who surprised the defendants? Certainly not the plaintiff. This can avail them nothing; and the second, which claims an off-set, and states that he would have established it, had he believed the cause would have come on to be tried that term, as little. The case of Townsend v. Findley, 3 Mo. Rep. 288, seems to me to settle this matter, for the defendants rely upon their ignorance of the law and their want of diligence to help them through—Scogin v. Hudspeth, 3 Mo. Rep. 124.

It will be remembered also, that the issues are, first, non est factum; second, that Fulkerson never assigned the bond to Collier. There is no plea of set-off. The facts

alleged in the affidavit of White could not have availed the defendants under these issues had it been present in court; had it been tendered it must have been rejected under this form of pleading, not being pertinent to the issues. White also swears he was sick; this might or might not have been a good ground for an application for a continuance, if White had made the application at the proper time. But the bond in suit was not filed with the clerk; this is the last reason assigned for a new trial. Well, if the bond was material to the defence, why did not the defendants present a question to the court below on that point? Oyer craved, a motion to dismiss, &c.

The defendants having failed to make a question upon this point, and obtain the decision of the circuit court upon it, precludes this court from taking cognizance of the matter—see Alexander v. Hayden, 2 Mo. Rep. 211. But the record does not show whether the bond was filed or not; counsel in their motion say so, but that does not establish the fact. In the case of Jackson ex dem. Horton et al. v. Roe, 9 J. Rep. 76, the court say it is a well settled rule that a new trial will not be granted because the party came to trial unprepared, and this rule applies with equal force to the plaintiff and defendant—see also Hanly v. Blanton, 1. vol. Mo. Rep. 49. Upon the whole matter, there appears to me not even the shadow of an error in this case, and such being the fact, that the judgment below should be affirmed.

TOMPKINS, Judge, delivered the opinion of the court.

Collier commenced his action by petition in debt, under the act of the 14th March, 1835, against White and Cross, stating that he was the legal owner of a bill obligatory, made by the defendants to James P. Fulkerson, and assigned by Fulkerson to him.

The defendants pleaded non est factum, without an affidavit, and that Fulkerson did not assign; and issues being joined, a verdict was found on each issue for the plaintiff, and judgment was accordingly entered up. The defendants moved for a new trial, for reasons filed; and their motion being overruled, they prosecute their appeal to reverse the judgment of the circuit court.

The reasons assigned for a new trial are: 1. That the defendants were taken by surprise. 2. That the defendant, White, had a claim against Fulkerson, the assignor of Collier, which he could have established had he known the cause would have been tried at the return term of

the writ. White, one of the defendants, also filed his affidavit, stating that Fulkerson, the assignor, was indebted to him for goods sold, &c., to the amount of one hundred and seven dollars and some cents, the most of which debt accrued, as he believed, before the assignment of the bill to Collier; that the bill or instrument sued on, and the assignment, was not filed along with the petition in the clerk's office, as is required by law—see third section of the act above referred to; that he had employed counsel, generally, to attend to his business in court, but not go into a detail of his defence, under the impression that the cause would not be tried at the return term; that the affiant had been sick, and could not with safety and propriety turn out until the morning after the judgment was rendered; and that nothing but necessity could have induced him to do so; that he knew nothing of the law under which he was sued, and was not aware until the morning, when judgment was rendered, that judgment could be obtained against him at the return term of the writ. The circuit court overruled the motion for a new trial, and this is assigned for error.

Petition and summons. Plea, non est factum, &c. Judgment against deft. and motion for a new trial, on the ground that the instrument sued on was not filed in the clerk's office along with the petition. Held, that the objection, if any, could only be taken advantage of in the court below by motion to dismiss, or it might have been good cause for continuance, but that deft. waived such objection by pleading, &c.

By the third section of the act, under which this suit was commenced, it is provided, that the petition, together with the instrument sued on, and the assignments, shall be filed in the clerk's office, and a writ of summons or capias may be sued out, &c. This court never yet has decided what would be the consequence of a failure to file the instrument of writing sued on at the same time with the petition. It might, perhaps, be decided to be cause either for dismissing the plaintiffs' action or for a continuance. Here there has been no action of the circuit court on the matter. Had the defendants moved the circuit court, either to dismiss the cause or continue it, its decision on the matter would have furnished a point on which this court could have decided. But the defendants by pleading to the action, waive all objections to the time of filing the instrument of writing sued on, and claim a new trial, because of surprise. But suppose the failure to file the bill sued on were good cause for new trial, no evidence of the time of filing it is preserved on the record, and such being the case, this court must presume that the circuit court saw that it was filed in time.

Ignorance of the law is no excuse for failures to comply with its provisions.

There is then no other reason left for a new trial than the defendant's alleged ignorance of the law. If he was ignorant of the law, he must abide the consequences of such ignorance. The law has been published long enough for him to be informed of it. Ignorance of the law is no

excuse. He had employed caunsel, and because he did not know the cause would be tried at the return term, he had failed to inform his counsel of the particulars of his defence. His counsel, however, knew well that they were required to go to trial at the first term, and accordingly pleaded; and under neither of the pleas, by them pleaded, could the demand of the defendants be given in evidence. With this view of the case it would be hard to imagine any cause for a new trial that would be deemed good. But the defendants wish a new trial, in order that they may have allowed to them a set-off for a sum of money about one ninth part of the judgment against them, and this too a debt, contracted by the assignor of the bill sued on, probably since the making of said bill, and for which debt they might have had their action. A court could hardly, under any circumstances, grant a new trial to let in such a demand; but in the bill here sued on it is expressed that the sum therein specified shall be paid without defalcation; and by the fourth section of the act concerning bonds and notes, passed 4th February, 1835, see Digest, page 105, the defendants are not allowed any set-off or discount against the assignee where the bond or note is made payable without defalcation or discount. For the reasons above given, the circuit court, as it appears to me, has committed no error in refusing a new trial, and its judgment ought to be affirmed; and the other two Judges concurring in this opinion, it is affirmed.