KNOX COUNTY v. BROWN *et al.;* SHARP, *Appellant.*

DIVISION TWO.

1. **Pleading:** CAUSE OF ACTION DEFECTIVELY STATED: OBJECTION.
Where a petition does not wholly fail to state a cause of action,
but states one defectively, objection to it, though good on a
motion to make more definite or even on demurrer comes too late
after verdict.

2. ————: ————: ————. Where a petition, in an action to fore-
close a mortgage, which defectively describes the land, charges
the defendant, a subsequent purchaser under the mortgagor, with
notice of the mistake in the mortgage, but fails to allege such
knowledge on the part of defendant's immediate vendor, such
defect comes too late after verdict.

3. **Mortgage:** DEFECTIVE DESCRIPTION OF LAND: NOTICE. Where a
mortgage which defectively describes the land is recited in the
deeds through which a purchaser under the mortgagor claims title,
he will be charged with notice of it.

*Appeal from Knox Circuit Court.*—HON. B. E. TURNER,
Judge.

AFFIRMED.

*Blair & Marchand* and *F. H. McCullough* for
appellant.

(1) The petition should show on its face every fact
essential to a recovery by plaintiff. Notice must be
averred not only as to Sharp, but also as to his assignors.
1 Story, Eq. Jur., secs. 108, 409, 411, 434; 2 Story's Eq.
Jur., sec. 1503 *a.* (2) The facts constituting plaintiff's
cause of action must be stated in his petition. He
cannot aid or amend his petition by stating facts in his
replication, which are essential to his cause of action,
and which have been omitted from his petition. This
is what plaintiff has attempted to do. Relief must be

granted upon facts stated in petition, and not in repli-
cation. *Seibert v. Allen*, 61 Mo. 482; *Bank v. Arm-
strong*, 62 Mo. 59; *Kuhn v. Weil*, 73 Mo. 213; *Weil v.
Poston*, 77 Mo. 284; *Lenox v. Harrison*, 88 Mo. 491;
*McConey v. Wallace*, 22 Mo. App. 377; *Gaslight Co. v.
Pratt*, 7 Mo. App. 573; *White v. Chaney*, 20 Mo. App.
389. (3) Where the petition fails to state all the facts
necessary to constitute a cause of action, it is fatal.
There can be no waiver of such an omission. The objec-
tion may be made in this court, though not made in the
lower court. R. S. 1889, sec. 2047, and note, p. 541;
*Funkhouser v. Mallen*, 62 Mo. 556; *Jackson v. Rail-
road*, 80 Mo. 147; *McKee v. Calvert*, 80 Mo. 348;
*McIntyre v. McIntyre*, 80 Mo. 470; *Bevin v. Powell*,
80 Mo. 365; *Richardson v. George*, 34 Mo. 104; *Bateson
v. Clark*, 37 Mo. 37; *State to use v. White*, 61 Mo. 441;
*Peltz v. Eichele*, 62 Mo. 171; *State ex rel. v. Griffith*, 73
Mo. 545; *State v. Pints*, 64 Mo. 317; *Bagby v. Ember-
son*, 79 Mo. 139; *Nance v. Railroad*, 79 Mo. 196. (4)
The evidence of plaintiff to prove notice was too uncer-
tain, indefinite and weak to authorize the findings
against defendant Sharp. Fraud should be clearly
established by a preponderance of the evidence. This
has not been done in this case, and the judgment should
be reversed. *Bernecker v. Miller*, 44 Mo. 102–12; *Pow-
ell v. Tedford*, 74 Mo. 54; *Pomeroy v. Benton*, 77 Mo.
64; *Priest v. Way*, 87 Mo. 16; *Mandal v. Mandal*, 28
La. Ann. 556; *Rumbolds v. Parr*, 57 Mo. 592. (5) The
record of deeds and mortgages can only give notice of
what is placed upon the record. The mortgage as
recorded imparted no notice to Randolph and Sharp;
Randolph had the right to rely upon the fact that no
mortgage was found upon the record upon the lot in
controversy; and Sharp had the right to rely upon the
statements of Randolph, and being an innocent pur-
chaser is entitled to the property. If he had actual
notice of the mistake, yet Randolph, having no notice
thereof when he bought, will protect Sharp and leave

him entitled to property. *Harrison v. Catchlin,* 23 Mo. 117; *Terrill v. Andrew,* 44 Mo. 309; *Bishop v. Schneider,* 46 Mo. 472; *Hagerman v. Sutton,* 91 Mo. 519; *Foust v. Moorman,* 2 Ind. 17.

*William Clancy* for Knox county.

(1) The presumption with the supreme court always is that the judgment of the circuit court is correct. The appellant assigns fourteen errors in the trial of this case in the circuit court of Knox county. On examination of appellant's brief and authority respondent believes that all the fourteen errors complained of are without substance, technical and frivolous; and such as not to merit serious consideration of this court. (2) To authorize a reversal of a judgment in the circuit court there must not only be error, but that error must be prejudicial. R. S. 1890, sec. 2303; *Bellissime, v. McCoy,* 1 Mo. 318; *State v. Sullivan,* 19 Mo. App. 48; *McGirk v. Chauvin,* 3 Mo. 236; *Hunter v. Miller,* 36 Mo. 143; *Miller v. Newman,* 41 Mo. 509; *Dorschlein v. Orth,* 32 Mo. 366; *State v. Dorman,* 11 Mo. 636; *Riney v. Valandingham,* 9 Mo. 819; *State v. Rogers,* 36 Mo. 138; *Tucker v. Railroad,* 54 Mo. 177; *Nordman v. Hitchcock,* 40 Mo. 178; *Peacock v. Nelson,* 50 Mo. 256; 74 Mo. 142; 74 Mo. 179; 78 Mo. 473; 81 Mo. 595; 86 Mo. 231; 91 Mo. 207; 97 Mo. 587.

*L. F. Cottey* for respondent Brown.

(1) It is settled law in this state that if a material matter be not expressly averred in the pleadings, but may be implied from what is stated, the defect is cured by verdict in favor of the party so pleading, on the presumption that he has proven on the trial the facts insufficiently pleaded. *Elfrank v. Seiler,* 54 Mo. 134; *Grove v. City of Kansas,* 75 Mo. 672; *Griggs v. Edwards,* 78 Mo. 473; *McKee v. Calvert,* 80 Mo. 348; *Roberts v. Walker,* 82 Mo. 200; *Spurlock v. Railroad,*

93 Mo. 530; *Hurst v. Ash Grove*, 96 Mo. 168. (2) On the question of notice, the law and the facts are all against appellant. The trial court passed upon the facts, while the following proposition and authorities in support thereof determine the law in such case : The law imputes to a purchaser of land a knowledge of all facts relating to it, and appearing of record at the time of his purchase, which it was necessary for him to examine in order to ascertain the sufficiency of such title ; so, where the purchaser has knowledge of any fact sufficient to put him upon inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim to be considered a *bona fide* purchaser. *Rhodes v. Outcalt*, 48 Mo. 367 ; *Orrick v. Durham*, 79 Mo. 174 ; *Mason v. Black*, 87 Mo. 329 ; *Hagerman v. Sutton*, 91 Mo. 519 ; *Brocking v. Straat*, 17 Mo. App. 296 ; *Pouge v. Railroad*, 24 Mo. App. 199.

THOMAS, J.—This is an action to foreclose a school-fund mortgage. The petition after averring that Brown borrowed $840 of the school funds of Knox county, and gave his bond for that amount on the thirteenth day of August, 1884, contains these allegations :

"The plaintiff further states that the above-named defendant, Erastus D. Brown and Annie E. Brown, his wife, on the thirteenth day of August, 1884, for the purpose of securing said bond made and delivered to said county their mortgage, which is filed with the original petition as part thereof, and same was duly recorded in book 1, page 274, on the eleventh day of September, 1884.

"That said Brown and wife, by said mortgage, intended to convey for the use and benefit of the county school fund the following tract of land, situate in the

corporate limits of the city of Edina, Knox county, Missouri, to-wit : All of the east half ($\frac{1}{2}$) of fractional block number two (2), in the county addition to the town, now city, of Edina, Knox county, Missouri; excepting seventeen and one-half feet off of the north end of said east half of fractional block number two (2), which said seventeen and one-half feet runs north and south and includes the entire north end of said fractional block, all in the city of Edina, Knox county, Missouri.

"That by mistake in drafting said mortgage by said Erastus D. Brown, the above tract of land was erroneously described as all of the east half of block number two (2)" (further description same as above, omitting the word "fractional"). "That, at the time of the execution and delivery and of the recording of said mortgage, the said Erastus D. Brown and wife did not own any part of block two (2) as last herein described. But that said Brown did own said east half ($\frac{1}{2}$) of the said fractional block as herein first described ; and the said Erastus D. Brown and wife intended to include the same in said mortgage, and that this plaintiff accepted said mortgage, believing that the property herein first described was included in the mortgage. That the defendant, Custard C. Sharp, pretends to own the lands first herein described ; but that said defendant prior to the purchase of said land had full notice that said mortgage was intended to cover and include the tract of land first herein described."

The plaintiff avers that the mortgage is unpaid and prays to have it reformed according to the facts, and that it be foreclosed.

Erastus D. Brown, in his answer, admits that the mistake was made as alleged ; that, after giving the mortgage, he sold the land to Cyrus Fowler, subject to said mortgage, and that, by intermediate conveyances, the property was finally sold to Custard C. Sharp, who had full knowledge that this mortgage was intended

to include in it the east half of fractional block 2 instead of the east half of block 2.

Defendant Sharp answered, denying that he knew of the alleged mistake, when he bought the land, or that he knew there was any mortgage on it to the county of Knox. He avers that he bought the land of Ed. M. Randolph.

No exceptions were taken to the sufficiency of the petition, except the motion in arrest of judgment.

I. The point is urged before this court that the petition is defective in not alleging from whom defendant Sharp bought the property, and that his vendor, as well as he, had no notice of the mistake.

The petition, if it is defective at all, does not wholly fail to state a cause of action, but states a cause of action defectively, and hence this objection to it, though good before trial, on motion to make it more definite, or, even on demurrer, comes too late after verdict. R. S. 1889, sec. 2047, and cases cited in foot note *h*. This defect was cured in an especial manner, in this case, because the evidence shows conclusively, that not only Sharp, but those through whom he derived title, had notice of this mortgage and the mistake in it.

II. The evidence shows these facts:

The school-fund mortgage in controversy was executed on the eighth day of August, 1884. On the second day of September, 1884, E. D. Brown and wife sold and conveyed said lots in controversy, by warranty deed, to Cyrus R. Fowler, for the consideration of $2,200, which deed contained the following clause in the body thereof: "Said second party accepts the deed with the full knowledge that there is a school mortgage on said property executed by said first parties to Knox county, Missouri, dated August 8, 1884, for the principal sum of $840, with $50.40 interest now due thereon, which amounts said second party assumes and agrees to

pay Knox county, Missouri." This deed was acknowledged before *Ed. M. Randolph*, a notary public.

On the thirtieth day of September, 1885, Cyrus R. Fowler and wife sold and conveyed said lot in controversy to Sophia E. Werner, by warranty deed of that date, for the consideration of $1,800, which deed contained the following clause in the body thereof : " And said second party hereby accepting this deed with the full knowledge that there is now existing two certain mortgage conveyances against the same, one in favor of Knox county, Missouri, for $840, with all the interest thereon due, and one in favor of Erastus D. Brown, or his assignors, for seven hundred dollars ( $700 ), with all the interest thereon due; the payment of all which principals and interest the party of the second part assumes and agrees to pay and discharge."

On the thirty-first day of July, 1886, the lots in controversy were sold under the deed of trust mentioned and referred to in the deed from Fowler and wife to Mrs. Werner, in favor of Brown, for $700. At said trustee's sale, Ed. M. Randolph purchased said lots for $117.

On the fifth day of September, 1887, Ed. M. Randolph and wife sold and conveyed the lots in question to appellant for $1,400, which deed contained the following clause in the body thereof: "Second party accepts this deed with the full knowledge of a pretended school-fund mortgage, recorded at page 274, in volume 1, for $840, with interest to date, making $1,058.16, which was executed by E. D. Brown, without bond. Now if the said Custard C. Sharp has any portion of above mortgage to pay, the amount paid by him is to be deducted from his note executed this day for said $1,058.16, balance due on property."

Randolph, it seems, was a real-estate agent, and had abstract books and made abstracts of title. He said he bought this land without knowing that there were liens against it. Sharp testified, that when he

bought he did not know that this mortgage was on the land. He was, however, one of the sureties on the school-fund bond given by Brown.

Defendant Sharp asked some instructions which ought to have been given, but the evidence in the cause shows so clearly that all of the parties connected with the title knew of the existence of this mortgage and that it was intended to cover the property in controversy, and there being no merit in Sharp's defense and none whatever in his appeal, that it makes no difference what errors were committed in giving and refusing instructions. The evidence not only shows conclusively, that Randolph and Sharp had actual notice, that the mortgage covered, and was intended to cover the property, but all the conveyances from Brown to Sharp, with the exception of the trustee's deed to Randolph, recite the existence of the mortgage.

It is well settled that a party purchasing real estate must take notice at his peril, not only of the property conveyed, but all the recitals contained in the deeds, constituting the chain of title to the property, which it is necessary for him to examine in order to make his purchase. *Mason v. Black*, 87 Mo. 329.

Here Sharp comes and asks the court to relieve his property from the lien created by this mortgage, when his own deed recites the mortgage, and that, if he had to pay, the amount of it shall be deducted from the consideration, and that recital is made by Randolph, who claims that he had no knowledge of this mistake. This is simply a bold and deliberate attempt on the part of Sharp and Randolph to escape the payment of a mortgage debt, for which their own muniments of title show they are liable. Judgment affirmed. All concur.