HARTFORD FIRE INSURANCE COMPANY, A CORPORATION, RESPONDENT, v. EDWARD E. BLEEDORN, ELIZABETH BLEEDORN, HOME OWNERS' LOAN CORPORATION, A CORPORATION, HARRY HARRIS AND JOHN T. SLUGGETT, JR., DEFENDANTS. HOME OWNERS' LOAN CORPORATION, APPELLANT.—132 S. W. (2d) 1066.

St. Louis Court of Appeals. Opinion filed Nov. 7, 1939.

*John T. Sluggett, Jr.* for Edward E. Bleedorn and Elizabeth Bleedorn, respondents.

*Redick O'Bryan, Kenneth Teasdale, Kern L. Cochrum* and *Vaughn C. Ball* for Home Owners' Loan Corporation, appellant.

288

McCULLEN, J.—This suit was begun by Hartford Fire Insurance Company, respondent, as plaintiff, by the filing of its petition, also referred to as a bill of interpleader, followed later by an amended petition in which it alleged that defendants Edward E. Bleedorn and Elizabeth Bleedorn were the owners of a certain piece of real estate on which there is a dwelling located at 4828 Ravenwood Avenue, St. Louis County, Missouri; that defendant Home Owners' Loan Corporation, an instrumentality of the United States Government, on March 19, 1934, loaned the said Bleedorns the sum of $2124.20 and took a note therefor secured by a deed of trust on said property; that, pursuant to the terms of said deed of trust, there was procured from plaintiff a contract of insurance, plaintiff's Certificate No. 21491, insuring the said Bleedorns and the Home Owners' Loan Corporation, mortgagee, "as their interests may appear," against loss and damage by fire from December 17, 1934, to December 17, 1937; that said certificate originally insured to the amount of $600 on the building therein mentioned, but on March 19, 1935, by indorsement, the amount was increased to $2100. Plaintiff alleged, and the evidence shows without dispute, that it was provided in said certificate:

"This Certificate is issued by the Hartford Fire Insurance Company and accepted by Home Owners' Loan Corporation under open Policy No. Mo. 5000 and is subject to the terms thereof. Subject to the stipulations, provisions and conditions contained in the open policy, the loss, if any, is payable to the assured named herein and the Home Owners' Loan Corporation, mortgagee, as its interest may appear."

Plaintiff's amended petition further alleged, and the evidence shows, that on December 13, 1936, the insured property was damaged by fire and that the claim arising from such loss was agreed to be adjusted by the plaintiff insurance company and the Bleedorns and Home Owners' Loan Corporation for the sum of $750; that John T. Sluggett, Jr., an attorney at law of St. Louis, Missouri, claimed a portion of said $750 as attorney's fees for representing Edward Bleedorn in the matter of said Bleedorn's claim for said insurance;

that one Harry Harris also made claim for a part of the $750 for a fee as an adjuster for the Bleedorns; that said Home Owners' Loan Corporation claimed all the money due on said loss by reason of the said insurance contracts and the terms of its deed of trust. Plaintiff further alleged that it did not know which of said defendants was rightfully entitled to the fund, and prayed that the court require defendants to interplead for the purpose of determining their respective rights to said $750, and that plaintiff be discharged from further liability.

Defaults were entered against defendant Mrs. Elizabeth Bleedorn and defendant Harry Harris. No question arises on this appeal as to defendant Harry Harris. Defendants Edward E. Bleedorn and John T. Sluggett, Jr., each filed separate answers to the plaintiff's amended petition or bill of interpleader, and in addition each filed a separate interplea. Defendant Home Owners' Loan Corporation filed an amended answer. Defendants Edward E. Bleedorn and John T. Sluggett, Jr., treated Home Owners' Loan Corporation's answer as an interplea and filed separate answers thereto which, after a number of admissions of certain facts, not necessary to be noticed here, denied all other allegations therein.

The case, being one in equity, was tried before the court without a jury, after which the court rendered judgment awarding to defendant Home Owners' Loan Corporation the sum of $351 of the $750 fund paid into court by plaintiff; to John T. Sluggett, Jr., the sum of $150; and the remaining $249 of said fund to Edward E. and Elizabeth Bleedorn, with costs to be paid by Edward E. and Elizabeth Bleedorn. The court in its judgment decreed that defendant Harry Harris should receive nothing.

Defendant Home Owners' Loan Corporation, after an unavailing motion for a new trial, has duly appealed to this court.

Home Owners' Loan Corporation, as appellant herein, contends that the trial court erred in not awarding to it the entire fund paid into court by plaintiff; also that the court erred in making an award to the Bleedorns jointly after Elizabeth Bleedorn failed to plead and appear. Appellant argues that, it being admitted that the Bleedorns owned the property as tenants by the entirety, neither of the Bleedorns could alienate any interest in it without the other joining. Appellant further contends that the court erred in awarding to John T. Sluggett, Jr., the sum of $150 out of the fund, and argues that Sluggett's contract shows on its face that at best he was only entitled to one-third of any amount that Edward E. Bleedorn individually might recover from the entire fund; and that Sluggett's contract could not apply to any award made in favor of Edward E. and Elizabeth Bleedorn jointly.

From the admissions in the pleadings and the evidence at the trial, it appears that Edward E. and Elizabeth Bleedorn owned the prop-

erty in question as tenants by the entirety. They secured a loan from Home Owners' Loan Corporation in the sum of $2124.20, for which they gave their note to Home Owners' Loan Corporation secured by a deed of trust executed by the Bleedorns on the property mentioned.

Under Clause 4 of the deed of trust, the Home Owners' Loan Corporation caused insurance to be issued upon the property in a sum which was shown to be in excess of the amount of the loss by fire which later occurred. It is admitted that there was a loss by fire which occurred on December 13, 1936; and that all the parties agreed that the amount to be paid for the damage was $750. The evidence shows that the premiums for the insurance had been paid by the Home Owners' Loan Corporation and had been charged against the account of defendants Edward E. and Elizabeth Bleedorn.

Defendant Edward Bleedorn testified that the damage caused by the fire was repaired by him and a contractor whom he had employed at his own cost and expense, and that the property was restored to a better condition than it had been before the fire; that, after the property had been so repaired and restored, the Home Owners' Loan Corporation foreclosed on the deed of trust and purchased the property at the foreclosure sale. Bleedorn further testified that, prior to the time the $2124.20 was borrowed by him and his wife from the Home Owners' Loan Corporation, the property had been insured by another insurance company, and that said insurance was still in force and effect at the time the loan was made; that it was understood by the Home Owners' Loan Corporation that said insurance was still in force and that the Home Owners' Loan Corporation had all the papers, having taken them as Bleedorn's agent, and that said corporation took care of every thing; that, when Certificate No. 21491 was issued by the plaintiff insurance company, the premium therefor was charged to the Bleedorn account by Home Owners' Loan Corporation.

Bleedorn further testified that he did not at any time ever refuse to take out insurance; that, after the fire occurred, he employed John T. Sluggett, Jr., as his attorney to represent him in the adjustment of his claim for the fire damage under the certificate of fire insurance. Defendant Bleedorn's contract with Mr. Sluggett was admitted in evidence. Bleedorn further testified that he was not contesting Mr. Sluggett's right to his attorney's fee; that he wanted to see Mr. Sluggett paid; that neither he nor the man who had assisted him in repairing and restoring the damaged property had been paid for the work they had done, and that he had never received the $750 in settlement of his claim under Certificate No. 21491.

On cross-examination, Mr. Bleedorn testified that he had received a notice that his insurance would be due on a particular date, which he did not remember, and at that time he went down to the Home Owners' Loan Corporation and inquired about one premium that had lasped

and another that had not lapsed, and that he was told there was one due; that he then told the representative of the Home Owners' Loan Corporation, referring to insurance, "I will have to take it out, I guess;" and that said representative told him, "We will take it out and be the agent and see that everything is O. K." Mr. Bleedorn further testified that the contract which he had signed with the contractor, to repair the property after the fire, had been approved by the Home Owners' Loan Corporation.

James T. Riley, insurance supervisor for Home Owners' Loan Corporation, testified that all insurance matters in connection with loans made by that corporation were handled by him. He identified Exhibits 4 and 5 as photostats of policies of insurance No. 500302 and No. Mo. 5000, respectively, which photostat had been delivered by the plaintiff insurance company to Home Owners' Loan Corporation. He stated that the originals of the policies had been retained by the insurer. He further stated that the photostats themselves were the contracts evidencing the rights of the insured and the insurer named in said exhibits. Mr. Riley testified that a contract to repair the damage done by the fire to the property in question was approved by Home Owners' Loan Corporation, but that the contract was in the possession of the attorney for the contractor. Said contract was not produced in evidence but there is no dispute as to the amount due under its terms. However, Mr. Riley further testified that the bills for repairs had been filed with Home Owners' Loan Corporation, and that they amounted to $351; that said bills had not been paid as yet, but that Home Owners' Loan Corporation had guaranteed them; that Home Owners' Loan Corporation had entered into an agreement with Mr. Wittker, the contractor who did the repairing, promising that, if he did not file an interpleader in this suit, his bills would be taken care of out of the insurance fund as soon as the case shall be disposed of; that a letter was written to Mr. Wittker by Mr. Riley on behalf of Home Owners' Loan Corporation, prior to the expiration of the period for filing a mechanic's lien, to the effect that to avoid additional costs and to avoid a mechanic's lien, Home Owners' Loan Corporation will pay the repair bills when this suit shall have been finally determined, but that Home Owners' Loan Corporation would not accept the bills if it lost the suit.

Before considering appellant's complaints, it will be necessary to dispose of certain points raised on behalf of defendants Bleedorn. They contend that appellant's answer or interplea does not state a cause of action or show any right to the fund because the terms of the deed of trust were not pleaded. Appellant's answer or interplea alleges that

"This defendant states that on March 19th, 1934, it loaned the defendants, Edward E. Bleedorn and Elizabeth Bleedorn, the sum of two thousand one hundred and twenty-four dollars and twenty cents,

and took a note therefor secured by deed of trust on the property described in said deed of trust, which is located at 4828 Ravenwood Avenue, Saint Louis County, Missouri, and that this defendant, under the terms of the deed of trust . . . purchased from the plaintiff, the Hartford Fire Insurance Company, a corporation, for its own use and benefit, an insurance policy in the sum of two thousand and one hundred dollars, payable to the defendants, Edward E. Bleedorn and Elizabeth Bleedorn, and the Home Owners' Loan Corporation, as their interests appear.''

Appellant's amended answer or interplea then alleges that the property described in said insurance policy was damaged by fire; that the Bleedorns and appellant agreed that the amount of the damages was $750; that the plaintiff insurance company agreed to pay said amount to the Bleedorns and appellant, but that John T. Sluggett, Jr., an attorney at law, made claim for a fee which he claimed defendant Edward E. Bleedorn owed him. Appellant further states in its amended answer or interplea that it had not at any time employed John T. Sluggett, Jr., or defendant Harry Harris to perform any duty for it, and that said two persons are not entitled to any part of the $750. Appellant's amended answer or interplea concludes by praying the court to decree that the said $750 is the sole property of appellant under the terms of its deed of trust.

The record shows that the note and deed of trust were both offered and received in evidence without any objection whatsoever. The case was tried by the court and all the parties on the theory that the deed of trust was in evidence and that the construction of its terms was an issue properly in the case.

No motion was made by defendant Bleedorn or any one else to require appellant to make its amended answer or interplea more definite and certain, nor was any other kind of objection raised by anyone to said amended answer or interplea.

It is an established general rule that an appellate court will not consider objections raised for the first time on appeal concerning matters which, if raised in the lower court, might have been cured by amendment. [3 C. J. 778, 779, sec. 705, and cases cited under Note 30.] We think appellant's amended answer or interplea does not wholly fail to state a cause of action, and while a motion to make it more definite and certain could have been properly sustained by the trial court, the objection to it comes too late after verdict. We therefore rule this point against said defendants. [Knox County v. Brown, 103 Mo. 223, 15 S. W. 382. See also 3 C. J. 727, sec. 623; Williams v. Keef, 241 Mo. 366, 145 S. W. 425.]

Another point which should be disposed of before proceeding further is the contention of defendants Bleedorn that Section 815, Revised Statutes Missouri, 1929 (Mo. Stat. Ann., sec. 815, p. 1066) was not complied with because appellant did not file with its pleading the

deed of trust relied on. We think that the failure of appellant to file the deed of trust with its pleading became immaterial when defendant Bleedorn filed an answer admitting the execution of the deed of trust and went to trial without making any objection or filing any motion to require the filing of such instrument. [Fenwick v. Bowling, 50 Mo. App. 516; White v. Collier, 5 Mo. 82.]

The deed of trust executed by the Bleedorns to secure their note was introduced in evidence as Exhibit No. 2. Clause 4 of that instrument provides:

"4. The said Borrower will also keep all buildings erected and to be erected upon said lands and all equipment and personalty herein mortgaged insured against loss or damage by fire or other casualty, under a mortgage clause in the form approved by said Corporation, with insurers and to an amount approved by the Corporation as a further security to said mortgage debt and assign and deliver to said Corporation, as issued, with all premiums thereon paid in full, all insurance policies upon said property. In the event any sum of money becomes payable under the policies, the Corporation, its legal representatives or assigns, shall have the option to receive and apply the same on account of the indebtedness hereby secured, or to permit the obligors to receive and use it, or any part thereof, for the purpose of rebuilding or repairing the damaged premises, or for other purposes, without thereby waiving or impairing any equity or statutory lien or right under or by virtue of this lien, and may place and pay for such insurance or any part thereof, without waiving or affecting the option to foreclose or any right hereunder."

The two Bleedorns constitute the "Borrower" referred to in the above deed of trust, and the "Corporation" referred to is the appellant Home Owners' Loan Corporation.

It has been held in this State that, if a mortgagee, under an arrangement with a mortgagor, insures the mortgaged property at the charge of the mortgagor, the insurance money will be paid in the event of loss to the mortgagee, extinguishing *pro tanto* the debt of the mortgagor to the mortgagee. [McDowell v. Morath, 64 Mo. App. 290, 298.] It has also been held that, where the insurance policy provides that the loss shall be paid to the mortgagee as his interest may appear, the right to sue is in the mortgagee alone upon the theory that the clause in the insurance policy gives him the same rights as if the policy had been absolutely assigned to him. [Ridge v. Home Ins. Co., 64 Mo. App. 108, 110.]

In Kirchgraber v. Park, 57 Mo. App. 35, 40, the court said:

"A contract of insurance against fire, as a general rule, is a mere personal contract between the assured and the underwriter to indemnify the former against loss he may sustain. But the assured, by an agreement to insure for the protection and indemnity of another person, having an interest in the subject of the insurance, may un-

questionably give such third person an equitable lien upon the money due upon the policy to the extent of such interest. [Carter v. Rockett, 8 Paige, 437; Wheeler v. Ins. Co., 101 U. S. 439; Nordyke & Marmon Co. v. Gery, 112 Ind. 535.]"

The court further said in the Kirchgraber case:

"Such lien would be valid as to all intervenors or claimants of the fund with notice of the convenant or agreement. [Miller v. Aldrich, 31 Mich. 408; Cromwell v. Brooklyn Fire Ins. Co., 44 N. Y. 42.]" [Kirchgraber v. Park, 57 Mo. App. 35, 40.]

The rule in Missouri, as applied in the above cases, is in harmony with the general rule which is stated in Corpus Juris as follows:

"Where the insurance is taken out by the mortgagor for the benefit of the mortgagee, or is made payable to the mortgagee as his interest may appear, the mortgagee is entitled to the proceeds of the policy to the extent of his mortgage debt, holding the surplus, if any, after the extinguishment of his debt, for the benefit of the mortgagor; and this rule applies although the property not destroyed would be sufficient to satisfy the mortgage debt. If necessary the mortgagee is entitled to the full amount of the insurance, as where the unpaid amount of the mortgage is in excess of the insurance, or where he has been assigned all of the insured's right or interest in the policy." [26 C. J., sec. 588, p. 438. See also 26 C. J., sec. 590, p. 442, and Jones on Mortgages (8 Ed.), sec. 489, p. 634.]

Defendants Bleedorn contend that the right to the fund deposited in court by the plaintiff insurance company must be determined by the Certificate of Insurance No. 21491 and no other policy or policies of insurance; that the trial court properly excluded from the evidence the photostatic copies of policies No. 500302 and No. Mo. 5000; and that, even if the original policy No. 500302 and the original policy No. Mo. 5000 had been offered, the court would have been compelled to exclude them because neither of said policies was pleaded.

The certificate of insurance on its face shows that, in consideration of $39.44 premium, the plaintiff Hartford Insurance Company "does hereby insure Home Owners' Loan Corporation, mortgagee, and Edward E. and Elizabeth Bleedorn, as their interest may appear, for indemnity against loss or damage by fire . . ." The certificate itself then sets forth the period of coverage of the insurance, the amount thereof, the description and location of the property, then states that it is issued under open Policy No. Mo. 5000 and is subject to the terms thereof. It then provides, "subject to the stipulations, provisions and conditions contained in the open policy, the loss, if any, is payable to the assured named herein and the Home Owners' Loan Corporation, mortgagee, as its interest may appear."

It will be noted that the plaintiff insurance company is not invoking any of the terms of the original policies to avoid payment of the in-

surance. It did not and does not complain of the absence of the original policies. On the contrary, it has admitted its liability for the loss and has paid the money into court. The very claims of the Bleedorns necessarily conceded the existence of the insurance referred to in the certificate. They have each been awarded a portion of that very fund, a part of which was also awarded to Home Owners' Loan Corporation. Neither of said defendants has appealed from the judgment awarding a portion of the fund to the Home Owners' Loan Corporation. It is, therefore, wholly inconsistent for said defendants to assert that the evidence was sufficient to warrant the court in finding that there was insurance in existence in so far as their claims are concerned, although the original policies were not introduced, but that the very same evidence is insufficient to show the existence of the same insurance as to the claim of Home Owners' Loan Corporation.

The case of In re Moore, 6 Daly (N. Y.) 541, cited by defendant Bleedorn in support of his contention that the restoration of the property entitles him to the whole fund, constitutes no authority for that contention under the facts in the case at bar. In the Moore case the only dispute was between the insurance company and the mortgagor. The Citizens Savings Bank, mortgagee in that case, made no claim under the policy. The sole question in that case was whether or not the mortgagee could, without the knowledge or consent of the mortgagor, cancel a policy of insurance taken out as additional security for the benefit of the mortgagee.

Under the admitted facts and the pleadings of all the parties in the case at bar, we are of the opinion that Home Owner's Loan Corporation is entitled to the entire $750 fund deposited in court. The certificate of insurance on its face, without aid from any other policy, shows that the loss is payable to Home Owners' Loan Corporation, mortgagee, as its interest may appear. The interest of Home Owners' Loan Corporation, as mortgagee, is the indebtedness which the mortgagor Bleedorns owed upon the note secured by the deed of trust on the property. "As its interest may appear" does not refer to appellant's interest in the property, but refers to the amount of the debt owed to it secured by the deed of trust. [Norwich Union Fire Ins. Soc. v. Citizens Bldg. & Loan Assn. (Tex.), 7 S. W. (2d) 144. See also Colby v. Parkersburg Ins. Co., 37 W. Va. 789.] The intention of the Bleedorns with respect to the insurance on the property is clearly and unequivocally expressed in the deed of trust which they executed. By that instrument they gave Home Owners' Loan Corporation the right, at its option, to take the whole fund arising from the insurance and apply it to the reduction of the mortgage debt. The fact that Home Owners' Loan Corporation decided to exercise its option and pay for the repairs cannot deprive it of its right to apply the remaining part of the fund to the reduction of the mortgage debt.

From what we have heretofore said, it follows that we must hold that the court was in error in awarding to defendant John T. Sluggett, Jr., the sum of $150 out of the fund for attorney's fee for representing defendant Edward E. Bleedorn. It is conceded that the property in question was owned by Edward E. and Elizabeth Bleedorn as tenants by the entirety. The fund from the insurance represents the property and belonged to them as such tenants, subject, of course, to Home Owners' Loan Corporation's rights as mortgagee. Mr. Sluggett was employed by Edward E. Bleedorn individually and not by both Bleedorns. It is settled law that one of the tenants by the entirety has no power to subject to a lien property held by such tenancy. During coverture an act to affect property so held must be joined in by both such tenants as both tenants own the entire estate. [Stifel Brewing Co. v. Saxy, 273 Mo. 159, 201 S. W. 67; Badger Lumber & Coal Co. v. Pugsley, 227 Mo. App. 1203, 61 S. W. (2d) 425, 429.] There is nothing to show, and is not even contended, that Edward E. Bleedorn had any authority to bind Mrs. Bleedorn or to bind her interest in the property by any sort of contract. Mr. Sluggett's contract was with Edward E. Bleedorn individually, and he must look to Mr. Bleedorn individually for compensation for the services rendered to him. There was no award in this case to Edward E. Bleedorn in his individual capacity, therefore the award to Sluggett out of the fund was erroneous. The statement by counsel for the Bleedorns, made in his brief in this court, that Mrs. Bleedorn now consents to the award of $150 out of the fund to Mr. Sluggett is ineffectual for two reasons. First, we have decided that the entire fund should be awarded to Home Owners' Loan Corporation. Second, mere statements by counsel in a brief in the appellate court concerning a matter appearing for the first time in such appellate court cannot be considered in determining the correctness of the judgment of the trial court. This court must be governed in its decision by a consideration only of matters which the trial court had before it. [Harrison v. McNergney (Mo. App.), 111 S. W. (2d) 191; Bricker v. Gille Mfg. Co., 225 Mo. App. 989, 35 S. W. (2d) 662.]

The judgment is reversed and the cause remanded with directions to the trial court to enter judgment in favor of Home Owners' Loan Corporation for the entire fund of $750. *Becker, J.,* concurs; *Hughes, P. J.,* not sitting because not a member of the court at the time the case was submitted.