**Harold M. KLAMEN, Executor of the Estate of Louis Mitleider, Plaintiff-Appellant,**

v.

**AMERICAN AUTOMOBILE INSURANCE COMPANY, Defendant-Respondent.**

**No. 34749.**

Missouri Court of Appeals,
St. Louis District.

March 6, 1973.

Klamen, Summers, Wattenberg & Compton, Norman W. Drey, Jr., Clayton, for plaintiff-appellant.

Thomas, Busse, Cullen, Clooney, Weil & Ottsen, St. Louis, for defendant-respondent.

McMILLIAN, Judge.

Plaintiff appeals from an order of the Circuit Court of the City of St. Louis sustaining defendant's motion to dismiss plaintiff's petition. Defendant's motion to dismiss alleged that: (1) plaintiff was not the proper plaintiff to bring this suit; and (2) the facts alleged in plaintiff's petition did not state facts sufficient to constitute a cause of action. The trial court sustained defendant's motion without comment.

Plaintiff's petition alleged in substance that: plaintiff was the trustee of a deed of trust executed by Will and Alice Johnson on real estate and premises located at 2431 Coleman Street, St. Louis, Missouri; that defendant issued a policy of insurance on the property at 2431 Coleman for the period September 16, 1970 through September 16, 1971, providing ". . . coverage against fire, lightning, and extended coverage, relating to said premises as aforesaid"; that under the terms of the policy issued by defendant to Will and Alice Johnson, plaintiff was named as the mortgagee and loss payee "subject to the standard mortgage clause . . ."; that the insured property was damaged by fire on

January 17, 1971 causing damage in the sum of $4,000; that plaintiff made demand upon the defendant to pay and defendant refused such demand.

In considering the merits of the plaintiff's appeal, we must determine whether, assuming all the facts pleaded by the plaintiff are true, those facts properly alleged: (1) that the plaintiff was the proper party to bring the suit in question; and (2) a cause of action.

Plaintiff alleged in his petition that he was " . . . named as the mortgagee and loss payee, subject to the standard mortgage clause" under the insurance policy issued by the defendant on property owned by Will and Alice Johnson located at 2431 Coleman Street, St. Louis, Missouri.

■ The rule that a mortgagee has a right to sue in his own behalf on an insurance policy issued to his mortgagor when the mortgagee's interest appears therein is well-established in Missouri. This court in Hartford Fire Insurance Company v. Bleedorn, 235 Mo.App. 286, 132 S.W.2d 1066, 1070, stated that:

" . . . It has also been held that, where the insurance policy provides that the loss shall be paid to the mortgagee as his interest may appear, the right to sue is in the mortgagee alone upon the theory that the clause in the insurance policy gives him the same rights as if the policy had been absolutely assigned to him. Ridge v. Home Ins. Co., 64 Mo.App. 108, 110.

"In Kirchgraber v. Park, 57 Mo.App. 35, 40, the court said: ' "A contract of insurance against fire, as a general rule, is a mere personal contract between the assured and the underwriter to indemnify the former against the loss he may sustain. But the assured, by an agreement to insure for the protection and indemnity of another person, having an interest in the subject of the insurance, may unquestionably give such third person an equitable lien upon the money due

upon the policy to the extent of such interest." Carter v. Rockett, 8 Paige [N. Y.], 437; Wheeler vs. Ins. Co., 101 U.S. 439 [25 L.Ed. 1055]; Nordyke & Marmon Co. v. Gery, 112 Ind. 535 [13 N.E. 683, 2 Am.St.Rep. 219].' "

The court in the *Hartford* case, supra, further held that:

"The rule in Missouri, as applied in the above cases, is in harmony with the general rule which is stated in Corpus Juris as follows: 'Where the insurance is taken out by the mortgagor for the benefit of the mortgagee, or is made payable to the mortgagee as his interest may appear, the mortgagee is entitled to the proceeds of the policy to the extent of his mortgage debt, holding the surplus, if any, after the extinguishment of his debt, for the benefit of the mortgagor; and this rule applies although the property not destroyed would be sufficient to satisfy the mortgage debt. If necessary the mortgagee is entitled to the full amount of the insurance, as where the unpaid amount of the mortgage is in excess of the insurance, or where he has been assigned all of the insured's right or interest in the policy.' 26 C.J. Sec. 588, p. 438. See also 26 C. J., Sec. 590, p. 442, and Jones on Mortgages, 8th Ed., Sec. 489, p. 634." (132 S.W.2d at 1071)

■ Based upon the facts alleged in plaintiff's petition and the foregoing discussion regarding the capacity of a mortgagee to bring suit on an insurance policy issued to the mortgagor, we hold that the plaintiff was in fact the real party in interest in this suit.

Defendant's second grounds for dismissal of the plaintiff's petition was that plaintiff's petition failed to allege facts sufficient to state a cause of action. In determining the sufficiency of plaintiff's claim for relief it is necessary for this court to examine the facts pleaded by plaintiff. Briefly, plaintiff alleged the is-

suance of an insurance policy by the defendant covering property at 2431 Coleman Street, St. Louis, Missouri; that the insured property was damaged by fire in the amount of $4,000; that plaintiff made demand upon defendant to pay the loss and that the defendant refused to pay the amount allegedly due.

Plaintiff's cause of action appears to be based on a breach of contract theory in that the defendant refused to pay proceeds of a contract for insurance entered into by the defendant and Will and Alice Johnson with plaintiff being named as a third party beneficiary. The facts pleaded by the plaintiff seem to properly set forth a cause of action based on this contract theory. The petition notified the defendant of the specific insurance policy under which the plaintiff was claiming a right as a named mortgagee and payee. The petition further notified the defendant that the insured property has been damaged by fire and that a $4,000 loss had resulted. Plaintiff also alleged that he had made a demand on the defendant for the proceeds of the specified policy but that the defendant had refused this demand.

█ If the policy had been either attached to the petition or introduced into evidence, defendant's objections that plaintiff failed to allege performance or occurrence of condition precedents created by the policy may have been well taken. But on the record before the trial court, it was sheer speculation and conjecture to assume that there were any condition precedents which plaintiff had failed to comply with. On remand, plaintiff, if so advised, may consider an amendment to his petition to comply with Civil Rules 55.06, V.A.M.R., and 55.18, V.A.M.R.

The order of the trial court is hereby reversed and cause remanded.

DOWD, C. J., and WEIER and CLEMENS, JJ., concur.