**In re Phyllis CROWNOVER, Debtor.**

**Bankruptcy No. 83–00290(SE).**

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

Sept. 4, 1984.

Daniel T. Moore, Poplar Bluff, Mo., for debtor.

Jim S. Green, Sikeston, Mo., trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

The question is whether the sum of $6,400 payable to Debtor as a loss payee under a fire insurance policy is non-exempt property of the above bankruptcy estate or whether it is property not subject to bankruptcy administration either because it is not property of the said estate or because it is property of the said estate but is exempt.

These are the pertinent facts, all either stipulated to by the parties or gleaned from other parts of the record:

1. Debtor filed a petition for relief under Chapter 7 of the Code on September 12, 1983.

2. On her schedule B–1, she listed a promissory note and second deed of trust on a house and lot located in Oregon County, Missouri. She also listed these items on Schedule B–4 as exempt property. On both schedules, she valued this note and second deed of trust as being worthless. Her reasons for this evaluation were that she had never received a payment on the property and that she believed the value of the property to be no greater than the amount owed on the first deed of trust encumbering this property.

3. The trustee herein, Jim S. Green, did not at that time object to Debtor's valuation or claim of exemption and, on October 27, 1983, filed his report stating that there was no property in this estate other than exempt property to be administered.

4. On February 8, 1984, the house on the subject property burned down. The insurer that had the fire coverage on this property advised Debtor's counsel that the coverage was sufficient to pay off the note in question. Debtor is entitled to this payment by virtue of being a "loss payee" under the fire insurance policy.

5. On April 13, 1984, after receiving copies of correspondence between the Debtor's counsel and the trustee, this Court sent the trustee a letter inquiring whether he was asserting rights to these proceeds. In a letter received by this Court on April 23, 1984, the Trustee took the position that these proceeds were property of the estate.

6. On May 14, 1984, this Court inadvertently entered its order closing this estate, but on June 15, 1984, entered an order re-opening the estate.

After reviewing these facts, the Court concludes two issues require resolution: (1) are these insurance proceeds property of this estate, and (2) if so, are they exempt?

### (1) *Property of the Estate*

Debtor takes the position that the fire insurance proceeds are solely after-acquired property and, thus, are not part of the bankruptcy estate. Debtor contends that her rights under the fire insurance policy, as of September 12, 1983, were too contingent to be property of the estate.

This Court disagrees with this contention.

Section 541(a)(1) of the Bankruptcy Code provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debt-

or in property as of the commencement of the case.

(6) Proceeds, product, offspring, rents, and profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

(7) Any interest in property that the estate acquires after the commencement of the case.

■ Under Missouri law, the right of loss payee under a fire insurance policy to payment, albeit contingent, is a vested property right. As one Missouri court has stated:

(1) The rule that a mortgagee has a right to sue in his own behalf on an insurance policy issued to his mortgagor when the mortgagee's interest appears therein is well-established in Missouri. This court in *Hartford Fire Insurance Company v. Bleedorn*, 235 Mo.App. 286, 132 S.W.2d 1066, 1070, stated that:

"... It has also been held that, where the insurance policy provides that the loss shall be paid to the mortgagee as his interest may appear, the right to sue is in the mortgagee alone upon the theory that the clause in the insurance policy gives him the same rights as if the policy had been absolutely assigned to him. *Ridge v. Home Ins. Co.*, 64 Mo.App. 108, 110.

"In *Kirchgraber v. Park*, 57 Mo. App. 35, 40, the court said: ' "A contract of insurance against fire, as a general rule, is a mere personal contract between the assured and the underwriter to indemnify the former against the loss he may sustain. But the assured, by an agreement to insure for the protection and indemnity of another person, having an interest in the subject of the insurance, may unquestionably give such third person an equitable lien upon the money due upon the policy to the extent of such interest." *Carter v. Rockett*, 8 Paige [N.Y.], 437; *Wheeler v. Ins. Co.*, 101 U.S. 439 [11 OTTO 439] [25 L.Ed.

1055]; *Nordyke & Marmon Co. v. Gery*, 112 Ind. 535 [13 N.E. 683, 2 Am.St.Rep. 219].' "

The court in the *Hartford* case, supra, further held that:

"The rule in Missouri, as applied in the above case is in harmony with the general rule which is stated in Corpus Juris as follows: 'Where the insurance is taken out by the mortgagor for the benefit of the mortgagee, or is made payable to the mortgagee as his interest may appear, the mortgagee is entitled to the proceeds of the policy to the extent of his mortgage debt, holding the surplus, if any, after the extinguishment of his debt, for the benefit of the mortgagor; and this rule applies although the property not destroyed would be sufficient to satisfy the mortgage debt. If necessary the mortgagee is entitled to the full amount of the insurance, as where the unpaid amount of the mortgage is in excess of the insurance, or where he has been assigned all of the insured's right or interest in the policy.' 26 C.J.Sec. 588, p. 438. See also 26 C.J., Sec. 590, p. 442, and *Jones on Mortgages*, 8th Ed., Sec. 489, p. 634." (132 S.W.2d at 1071).

*Klamen v. American Automobile Insurance Company*, 492 S.W.2d 390, 391 (Mo. Ct.App., St.L.D.1973).

In *Klebanoff v. Mutual Life Insurance Company of New York*, 362 F.2d 975 (2d Cir.1966), the Court held the rights of a beneficiary under a life insurance policy if "vested" and not subject to change by the owner of the policy would be an asset of the bankruptcy estate even though the insured was still living at the time of the filing of the bankruptcy petition.

■ Given these principles and the all-encompassing scope of the bankruptcy estate as set forth in section 541(a) of the Code, the Debtor's rights under the fire insurance policy at issue, including her right to have the indebtedness satisfied from the proceeds of the policy, were and are assets of the estate herein.

**(2)** *Are these insurance proceeds exempt from administration?*

 Debtor also contends that these fire insurance proceeds, if they are assets of the estate, are exempt because the note and second deed of trust which gave the Debtor the right to these proceeds were claimed as exempt without objection by the Trustee or by any of the creditors.

The Court's difficulty in accepting this contention is that the Debtor did not specifically claim her rights under the fire insurance policy as exempt. She only exempted the promissory note and second deed of trust which gave her an insurable interest in the real estate damaged by the fire.

"... For a claim of exemption to be successfully accomplished, such claim must be clearly asserted and the property claimed as exempt must be clearly described. It is not sufficient that an asserted claim put a trustee on notice that a claim may be assertable in property which may arguably be fungible with property actually claimed as exempt. The function of Schedule B-4 is to permit a trustee to ascertain, without any further substantial inquiry, those properties which a debtor believes to be exempt from distribution to creditors. If a debtor claims cash 'in the debtor's possession' as exempt, the record speaks for itself; and the trustee should not be expected to guess that a claim of an exemption in cash 'in the debtor's possession' was actually intended to be an exemption in cash to be obtained upon surrender of life insurance policies in the trustee's possession."

*In the Matter of Elliot,* 31 B.R. 33, 35 (Bkrtcy.S.D.Ohio 1983).

Moreover, to allow Debtor to receive the entire $6,400 in fire insurance proceeds on the theory that it represents the "proceeds" of her promissory note and second deed of trust will produce an undue windfall for the Debtor and seems a highly inequitable result.

In the case of *In re Lewis,* 21 B.R. 282 (Bkrtcy.M.D.Penn.1982), Debtors had listed their furniture and household goods as exempt property with a value of $3,350. Later, this personal property was destroyed by fire. The insurance company with the fire insurance coverage agreed to pay the Debtor the sum of $43,500 for the loss of their furniture and household goods. The court there allowed the Debtor to claim $3,350 of these proceeds but held that the remainder of these funds were non-exempt. Although the court there based this latter holding on its finding that Debtors had concealed most of their furniture and household goods from the trustee, the underlying premise of this case is that a bankruptcy court may exercise its equitable powers in such circumstances to avoid an unfair result and a windfall to the debtor.

Here, while the Debtor's valuation of this promissory note and second deed of trust as being worthless may have been in good faith, her failure to have received any payments on the note and her estimate of the value of property may also be the result of a lack of diligence on her part.

After reviewing the Debtor's Schedule B-4 in the case, the Court concludes that the Debtor has already exhausted her "wild-card" exemption under Section 513.-430(3), *R.S.Mo.* and, thus, could not claim any portion of these proceeds as exempt. Thus, the Court will enter its order declaring the insurance proceeds in question to be non-exempt assets of the bankruptcy estate.